CA 08 48 S

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **ANTONIO L. GIORDANO,** | **Civil No.** |
| **Plaintiff** | |
| **v.** | |
| **MT. ST. FRANCIS ASSOCIATES, L.P.,** | |
| **Defendant** | |

---

**UNITED STATES OF AMERICA,**

**Interpleader-Plaintiff**

**v.**

**ANTONIO L. GIORDANO,**
**MT. ST. FRANCIS ASSOCIATES, L.P.,**
**and JOSEPH FERRUCCI, ESQUIRE, as Receiver,**

**Interpleader-Defendants**

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND:**

1. On or about June 21, 2006, Plaintiff Antonio L. Giordano filed the Complaint and Petition for Receivership in this action in Providence County Superior Court. That same day, the court appointed Joseph Ferrucci, Esq., as Receiver. Attorney Ferrucci was subsequently appointed permanent Receiver and has been acting in that capacity ever since.

2. On January 28, 2008, the Receiver served notice of several motions, including Motion to Approve Sale of Real Estate and Business Assets Free and Clear of Liens and Motion to Prove Payment of Administrative Claim of Antonio L. Giordano, on all parties in interest,

including the Internal Revenue Service (IRS).[1] As of the petition date, IRS held $6,658,415.97 in federal tax liens against Mount St. Francis stemming from its failure to pay employment taxes from the second quarter of 1999 through the first quarter of 2005. Thus, the IRS objected to the motions and moved to intervene in the action pursuant to 26 U.S.C. § 7424. No other parties objected to the motion and on February 11, 2008, the Honorable Michael A. Silverstein granted the motion in open court.

3. Section § 7424 of the Internal Revenue Code provides that:

> If the United States is not a party to a civil action or suit, the United States may intervene in such action or suit to assert any lien arising under this title on the property which is the subject of such action or suit. *The provisions of section 2410 of title 28 of the United States Code (except subsection (b)) and of section 1444 of title 28 of the United States Code shall apply in any case in which the United States intervenes as if the United States had originally been named a defendant in such action or suit.* In any case in which the application of the United States to intervene is denied, the adjudication in such civil action or suit shall have no effect upon such lien.

26 U.S.C. § 7424 (emphasis added). The second sentence of § 7424 provides simply, and unavoidably, that the provisions of 28 U.S.C. § 1444 "shall apply in any case in which the United States intervenes." Thus, the United States has an absolute right to remove this action, where the United States has successfully intervened in the case to assert its federal tax liens against Mount St. Francis.

4. Accordingly, this matter is removed pursuant to 28 U.S.C. § 1444 and 26 U.S.C. § 7424.

5. Notice of removal has been provided this date to all parties and the Clerk of the

---

[1] Copies of the motions are attached hereto. Certified or attested copies of all records and proceedings in the State of Rhode Island Superior Court, and a certified or attested copy of all docket entries there, including a filing of a copy of this Notice of Removal, will be listed with this Court within ten days as required by District of Rhode Island Local Rule of Civil Procedure 81.

Providence Rhode Island Superior Court.

Wherefore, notice is respectfully given that the captioned matter is removed to the United States District Court for the District of Rhode Island.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

DULCE DONOVAN
Assistant U.S. Attorney
Chief, Civil Division
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th FL
Providence, RI 02903
401/709-5000
dulce.donovan@usdoj.gov

Dated: February 13, 2008

JAMES E. BROWN
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 55
Washington, D.C. 20044
202/307-6053
james.e.brown2@usdoj.gov

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify on this13th day of February, 2008, that a copy of the within Notice of Removal was sent, by regular mail, to the following:

Christopher Little, Esq.
Little, Medeiros, Kinder, Bulman
& Whitney, P.C.
72 Pine Street, 5th Floor
Providence, RI 02903

Genevieve M. Martin, Esq.
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Terry Biafore, Sr.
Babcock & Hellwell, Inc.
138 Main Street
Wakefield, RI 02879

Lisa Daniels-Burgo, Esq.
HUD
121 South Main Street, Ste. 300
Providence, RI 02903

Marc D. Wallick, Esq.
Wallick & Associates Ltd.
51 Jefferson Boulevard
Warwick, RI 02888

Maureen Hobson, Esq.
R.I. Department of Health
3 Capital Hill, Room 404
Providence, RI 02908

Douglas A. Giron, Esq.
Schechtman Halperin Savage LLP
1080 Main Street
Pawtucket, RI 02906

Charles A. Lovell
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Jonathan Savage, Esq.
Schechtman Halperin Savage
1080 Main Street
Pawtucket, RI 02860

Deborah B. Buffi, Esq.
Deputy Chief Legal Counsel
R.I. Department of Human Services
600 New London Ave., BDG 57
Cranston, RI 02920

Allan M. Shine, Esq.
Winograd Shine & Zacks
123 Dyer Street
Providence, RI 02903

Jane E. Joly
Accounting Manager Client Rep
MMJUA of RI
10 Weybosset Street, Ste. 502
Providence, RI 02903

Division of Taxation
State of Rhode Island
1 Capitol Hill, Ste. 7
Providence, RI 02909

Edward L. Maggiacomo, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Jeffrey Brenner, Esq.
Nixon Peabody LLP
One Citizens Plaza, Ste. 500
Providence, RI 02903

Joseph Ferrucci, Esq.
Ferrucci Russo P.C.
55 Pine Street
Providence, RI 02903