STATE OF RHODE ISLAND : SUPERIOR COURT
PROVIDENCE, SC. :

ANTONIO L. GIORDANO, : P.M. No.: P.B. 06-3301
Plaintiff :

v. :

MT. ST. FRANCIS ASSOCIATES, L.P., :
Defendant :

COPY

## RECEIVER'S PETITION TO SELL REAL ESTATE AND BUSINESS ASSETS FREE AND CLEAR OF LIENS

Now comes Joseph P. Ferrucci, Esq. (the "Receiver"), in his capacity as the duly appointed Permanent Receiver of Mt. St. Francis Associates, L.P. ("Mt. St. Francis"), and not in his individual capacity, and hereby petitions this Court for an order allowing and authorizing the Receiver to sell the real estate and business assets of Mt. St. Francis free and clear of any and all liens and/or encumbrances.

In support of the within Petition, your Receiver respectfully states and represents as follows:

1. The Defendant's assets consist of the following:

   a. Certain real property, and improvements thereon, located at 4 St. Joseph Street, Woonsocket, Rhode Island as more particularly described in Exhibit "A" attached hereto and made a part hereof (the "Real Estate"); and

   b. Cash, accounts receivable, inventory, prepaids, fixtures, supplies, machinery, equipment furniture, any and all intangible personal property, any and all licenses held by Mt. St. Francis, the trademark of Mt. St. Francis Health Center, and/or other assets as recorded or unrecorded at the time of closing, located at 4 St. Joseph Street, Woonsocket, Rhode Island (collectively, the "Assets"), but excluding the Excluded Assets as defined in the appended Offer to Purchase.

2. Your Receiver has accepted a Real Estate Purchase Agreement and Offer to Purchase (collectively, the "Agreement") from ASLC Management of RI I, LLC ("ASLC"), subject to approval of this Court. A true and accurate copy of the Agreement is appended hereto as Exhibit "B".

RCD 1·28·08 PSC

3. Prior to your Receiver's appointment, Mt. St. Francis, Plaintiff and ASLC entered into that certain Mt. St. Francis Agreement, so-called, dated June 19, 2006 (a copy of which Agreement is attached as Exhibit "A" to the Motion to Prove Administrative Claim of Antonio L. Giordano filed with the Court on January 28, 2008), which, among other things, permitted ASLC to make an offer for the Real Estate and Assets on certain terms and conditions. Certain of those terms, if an offer was to be made[1], required an assumption of the existing mortgage loans totaling approximately $9.3 Million Dollars, a payment to the Internal Revenue Service on account of taxes owing by Plaintiff to it, as well as payment of certain pre-petition accounts payable more specifically defined therein. It should be noted that an offer containing the aforesaid provisions was strictly optional on the part of ASLC. The Receiver is advised that ASLC will not make an offer for the Real Estate and Assets containing all of the aforementioned provisions. Instead, ASLC has made an offer on terms as described in Exhibit "B" attached hereto which does not provide for a payment to the Internal Revenue Service and does not provide for a payment of the unsecured creditor claims identified in the Mt. St. Francis Agreement dated June 19, 2006.

4. Notwithstanding the foregoing, your Receiver believes that it is in the best interest of the estate, and its creditors to sell the Real Estate and Assets, respectively, based upon the terms and conditions set forth in the Agreement. The Receiver believes the value of the offer contained in the Agreement greatly exceeds the value of the Real Estate and Assets on an orderly liquidation basis.

5. Your Receiver believes that Notice of Hearing on the within Petition should be given to all parties who have recorded liens against the Assets and Real Estate and any improvements thereon at the City of Woonsocket Records of Land Evidence and at the Uniform Commercial Code Division of the Office of the Secretary of State of Rhode Island as set forth on Exhibit "C" annexed hereto, to all creditors of Defendant known to the Receiver, and to all other interested parties and that all parties and/or entities that claim an interest, lien, or encumbrance against the Real Estate and/or Assets, including but not limited to, those parties set forth on Exhibit "C" annexed hereto, be directed to execute and deliver to the Receiver, within seven (7) days of his written request, lien releases, mortgage discharges, UCC Financing Termination Statements, in the usual and customary

[1] ASLC was not obligated to make an offer containing these terms, rather it could make an offer containing these terms at its election. Further, the Agreement provides that ASLC could not submit any other offer presumptively without the approval of Plaintiff.

form, and all other documents reasonably necessary to effectuate the release and discharge of such interests, claims, liens and encumbrances, with the execution and delivery of the same to be without prejudice to or waiver of any such interests, claims, liens or encumbrances against the sale proceeds.

6. Your Receiver further seeks a declaration in the order approving the aforedescribed sale that all interests, claims, liens and encumbrances asserted against the Real Estate and Assets, including but not limited to, the interests, claims, liens and encumbrances asserted by those parties listed on the Real Estate Title Report and Schedule of UCC Financing Statements annexed hereto, be declared to be released and discharged upon consummation of the sale of the Real Estate and Assets and that the recording of such order with the Receiver's Deed shall constitute evidence of such release and discharge.

WHEREFORE, your Receiver prays: (a) that the within Petition be set down for hearing before this Court; (b) that the Receiver be authorized to sell the Assets and Real Estate on the terms stated in the Agreement, free and clear of interests, claims, liens and/or encumbrances, to the party indicated above, or its nominee and/or designee, or to any other parties that this Court deems to be in the best interest of creditors of Mt. St. Francis, upon the annexed terms and conditions, or such other terms and conditions as this Court may approve; (c) that all interests, claims, liens, and encumbrances against the Assets and Real Estate be transferred to the proceeds thereof in the same priority as prior to such transfer; (d) that all entities who claim an interest, lien or encumbrance against the Assets and Real Estate, including but not limited to those parties set forth on the Real Estate Title Report and the Schedule of UCC Financing Statements, unless this Court's order directs otherwise, be directed to execute and deliver to the Receiver, within seven (7) days of his written request, lien releases, mortgage discharges, UCC Financing Termination Statements, in the usual and customary form, and all other documents reasonably necessary to effectuate the release and discharge of such interests, claims, liens or encumbrances, with the execution and delivery of the same to be without prejudice to or waiver of any such interests, claims, liens or encumbrances against the sale proceeds; (e) that subject to the terms hereof, all the interests, claims, liens or encumbrances against the Assets and Real Estate be declared released and discharged with respect to the Assets and Real Estate, and the recording of the Order authorizing such sale be declared to constitute evidence of

such release and discharge; and (f) that the Receiver be granted such other further relief as this Court shall deem fit, just and reasonable.

Respectfully submitted,
Joseph P. Ferrucci, Esq., in his capacity as the duly appointed Permanent Receiver of Mt. St. Francis Associates, L.P., and not in his individual capacity

Joseph P. Ferrucci, Esq. (#4231)
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: 401-455-1000
Fax: 401-455-7778
Email: jferrucci@frlawri.com

Date: January 28, 2008