STATE OF RHODE ISLAND
PROVIDENCE, S.C.

SUPERIOR COURT

ANTONIO L. GIORDANO
Plaintiff

v.

MT. ST. FRANCIS ASSOCIATES, L.P.
Defendant

P.M. No. P.B. 06-3301

COPY

**MOTION TO PROVE THE**
**ADMINISTRATIVE CLAIM OF ANTONIO L. GIORDANO**

Plaintiff Antonio L. Giordano ("Plaintiff") respectfully submits this Motion to prove an administrative claim. In support of this Motion, Plaintiff states as follows:

1. In 2006, Plaintiff, Mt. St. Francis Associates, L.P. ("Defendant") and American Senior Living Corporation ("ASLC") were negotiating a potential purchase of Defendant's assets by ASLC. One of the crucial issues that the parties were negotiating was payment of amounts due and owing to the U.S. Internal Revenue Service ("IRS").

2. Given Defendant's financial condition, the parties agreed to structure the proposed transaction as a sale through a receivership proceeding. Accordingly, on June 19, 2006, Plaintiff, Defendant and ASLC entered into an agreement (the "Nursing Home Agreement") concerning ASLC's potential acquisition of Defendant's assets through a receivership proceeding. A copy of the Nursing Home Agreement is attached hereto as Exhibit A. The terms of the Nursing Home Agreement included the following: (a) Defendant would be petitioned into receivership (§ 1); (b) ASLC would manage Defendant's facility (the "Facility") post-petition (§ 2); (c) as manager of the Facility, ASLC would pay the post-petition payroll and other taxes owed to the IRS and to the

1-28-08

State of Rhode Island (§ 2(b)(v)); (d) as manager of the Facility, ASLC would pay certain pre-petition accounts payable (§ 2(b)(vi)); and (e) ASLC could, at its election, submit an offer to purchase the Facility, subject to certain terms and conditions (§ 3). As an express condition of ASLC submitting an offer to purchase the Facility, ASLC agreed to pay certain obligations to the IRS (§ 3(a)(ii)) and certain pre-petition accounts payable (§ 3(a)(iv)). Thus, although the Nursing Home Agreement did not obligate ASLC to purchase the Facility, it did require that any offer contain certain terms if ASLC elected to purchase the Facility.

3. In furtherance of the contractual obligations under the Nursing Home Agreement, Plaintiff filed a petition seeking the appointment of a Receiver for Defendant (the "Petition"). Prior to filing the Petition, Plaintiff contacted all relevant state government authorities and briefed them on Defendant's financial condition and the Nursing Home Agreement.

4. The terms of the Nursing Home Agreement provide that ASLC cannot acquire the Facility unless it pays certain obligations to the IRS.

5. Plaintiff remains ready, willing and able to perform under the terms of the Nursing Home Agreement. However, ASLC has informed Plaintiff that due to significant, unexpected operational expenses in connection with its management and operation of the Facility, ASLC is unable and unwilling to submit an offer that complies with all of the terms of the Nursing Home Agreement. Moreover, ASLC has informed Plaintiff that due to the present circumstances, ASLC is unable to pay monies to the IRS.

6. Because the terms of the Nursing Home Agreement require a payment to the IRS for ASLC to acquire the Facility, Plaintiff and ASLC negotiated terms under

which the Nursing Home Agreement would be terminated and new terms agreed to, subject to Court approval. Specifically, Plaintiff and ASLC agreed that ASLC would no longer be obligated to make a payment to the IRS. Rather, upon Court approval of its offer, ASLC will be obligated to (a) assume certain HUD-granted mortgage obligations of approximately $9.3 million; (b) pay $900,000 into the receivership estate; (c) pay all administrative costs and expenses, adjustments and costs at closing; and (d) assume all post-receivership accounts payable that it has generated and for which it is responsible. Plaintiff is hereby asserting an administrative claim as to the $900,000 amount. Given the proposed termination of the Nursing Home Agreement, there will be no payment of the pre-petition accounts payable.[1] All post-petition accounts payable will be assumed and paid by ASLC.

7. If Plaintiff's administrative claim is approved, the money will be paid to Plaintiff's secured creditors. These secured creditors are related entities; all of the owners/beneficiaries of these secured creditors are Plaintiff's children. These secured creditors provided Plaintiff the financing that enabled Plaintiff to pay, inter alia, the following: (1) restitution to the State of Rhode Island, paid to the State of Rhode Island Department of Human Services Medicaid Program; (2) restitution to the State of Rhode Island, paid to the Rhode Island Alliance for Better Long Term Care; (3) fines to the United States of America; and (4) debt owed to Rhode Island Depositors Economic Protection Corporation.

8. If Plaintiff's administrative claim is approved, Plaintiff will fully release ASLC and the Receiver from any and all liability under the Nursing Home Agreement.

[1] It should be noted that ASLC has a continuing business relationship with many of the pre-petition vendors.

Thus, payment of Plaintiff's administrative claim would facilitate ASLC's acquisition of the Facility.

9. Payment of an administrative claim is appropriate if it is in return for value that has been provided to the receivership estate.

10. The filing of the receivership petition in this case was pursuant to the terms set forth in the Nursing Home Agreement. Those terms included ASLC's obligation to pay certain amounts owed to the IRS, as a condition of acquiring the Facility. Plaintiff would not have filed this receivership action without those terms.

11. Plaintiff has fully performed under the terms of the Nursing Home Agreement. Due to the prevailing circumstances, and as an accommodation to ASLC and the Receiver, Plaintiff has agreed to terminate the Nursing Home Agreement and to require a far smaller payment from ASLC.

12. If this administrative claim is approved, Plaintiff will release both ASLC and the Receiver from any and all liability, if any, under the Nursing Home Agreement. Such releases would enable ASLC to purchase the Facility, saving many jobs and avoiding patient relocation, all of which significantly benefit the receivership estate. Accordingly, payment of this administrative claim is appropriate, because it will result in benefit to the receivership estate.

14. Accordingly, Plaintiff respectfully requests the Court to approve this administrative claim, in the amount of $900,000.

Respectfully submitted,

ANTONIO L. GIORDANO
By his Attorneys,

EDWARD L. MAGGIACOMO (#0438)
ROBERT I. STOLZMAN (#3530)
JOSEPH AVANZATO (#4774)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-751-0604
Dated: 1/28/08, 2008

*440770_3*