GOVERNMENT EXHIBIT
1

STATE OF RHODE ISLAND : SUPERIOR COURT
PROVIDENCE, SC :

ANTONIO L. GIORDANO, :
: P.M. No. P.B. 06-3301
Plaintiff :
:
v. :
:
MT. ST. FRANCIS ASSOCIATES, L.P., :
:
Defendant :

UNITED STATES' OBJECTION TO MOTION TO PROVE CLAIM AND MOTION TO SELL REAL ESTATE

The United States of America, on behalf of the Internal Revenue Service, by its undersigned counsel, respectfully objects to Plaintiff Giordano's Motion to Prove Administrative Claim and the Receiver's Motion to Sell Real Estate. In support thereof, the United States avers the following:

## BACKGROUND PROCEDURAL FACTS

### A. Giordano's Negotiations with ASLC

1. In or about 2006, Plaintiff Antonio Giordano, Defendant Mount St. Francis Associates, L.P, (Mount St. Francis) and American Senior Living Corporation (ASLC) were negotiating a potential purchase of Defendant's Assets by ASLC. (Mot. to Approve Admin. Claim of Antonio Giordano ¶ 1, hereinafter "Mot. to Approve Claim").

2. Ultimately Giordano agreed with ASLC to structure the sale of Mount St. Francis as a sale through a receivership proceeding. (Mot. to Approve Claim ¶ 2.) On June 19, 2006, Giordano entered into an agreement pursuant to which ASLC agreed to a potential acquisition of Mount St. Francis. The terms of the Agreement provided that: (1) Mount St. Francis would voluntarily file to place itself into receivership; (2) ASLC would manage Mount St. Francis; (3)

Rec'd 2/7/08 KS

ASLC could, at its election, offer to purchase Mount St. Francis upon the conditions that; (a) ASLC pay the IRS on behalf of Mount St. Francis "an amount that satisfies any and all taxes, fines, and penalties owed by MSF, Mr. Giordano or John Montecalvo, as past due or pursuant to any court order or lien, as of the date hereof"; (b) assume the Suburban Mortgage Associates mortgages; (c) assume all liabilities, except the IRS liabilities; and (d) pay numerous pre-petition accounts payable. Mot. to Intervene Ex. G.[1]

3. On June 21, 2006, Plaintiff Giordano filed a petition seeking the appointment of a receiver for Defendant Mount St. Francis.

4. Pursuant to Giordano's petition, the Court appointed Joseph Ferrucci as receiver. Pursuant to the Agreement, and Court approval, ASLC has been managing Mount St. Francis ever since.

**B. <u>Giordano's Criminal Case</u>**

5. At the same time Giordano was negotiating with ASLC, on June 8, 2006, the United States filed an Information and Plea Agreement in United States District Court. Mot. to Intervene Exs. A & B. The Information charged Giordano with equity skimming in violation of 12 U.S.C. § 1715z-19. The Information alleged that Giordano,[2] as agent, manager, and person in custody, control and possession of three nursing homes, including Mount St. Francis, had diverted $780,539.00 of Housing and Urban Development (HUD) funds meant for the reasonable and necessary expenses of the nursing homes to his own personal use at a time

---

[1] In lieu of submitting a duplicate set of exhibits in support of its current objection, the United States respectfully refers the Court to the exhibits it has submitted in conjunction with its Motion to Intervene filed simultaneously herewith.

[2] The Information also charged John Montecalvo, Giordano's business partner.

when the mortgage notes were in default and the nursing homes were in a nonsurplus cash position. The Plea Agreement detailed that Giordano agreed to plead guilty to the charge in the Information and to make restitution to the nursing homes, including $382,700.00 in restitution to the Internal Revenue Service toward payment of employment taxes which Mount St. Francis owed.[3]

6. On June 29, 2006, Giordano pled guilty to the Information and on September 15, 2006, the Court sentenced Giordano to a term of imprisonment of thirty months, a term of supervised release of two years, a fine of $100,000.00 and restitution in the amount of $780,539.00. Mot. to Intervene Exs. D, E. Giordano paid his restitution in full and on November 6, 2006, the United States filed a Notice of Satisfaction of Judgment. Mot. to Intervene Ex. F.

## C. Current Status

7. On information and belief, ASLC has made an offer to purchase Mount St. Francis which does not include paying Mount St. Francis's IRS liabilities. Mot. to Intervene Ex. I, Purchase and Sale Agreement.

8. Instead, among other items, the Purchase and Sale Agreement includes an agreement to pay into the Receivership Estate $900,000. This payment is conditioned upon receiving from Giordano a release of any claims he might have against ASLC arising out of its alleged breach of the Agreement, namely, ASLC's current refusal to pay Mount St. Francis's,

---

[3] On June 21, 2006, the United States filed an Amended Plea Agreement which removed the condition that its agreement with Giordano was contingent upon his co-defendant, Montecalvo, also pleading guilty. Mot. to Intervene Ex. C.

Giordano's, and Montecalvos' tax liabilities. The Purchase and Sale Agreement also conditions ASLC's obligation to purchase Mount St. Francis upon the Receiver "obtaining, on or before March 20, 2008, an agreement from the Internal Revenue Service (the "IRS") to discharge or otherwise satisfy or remove at the Closing the IRS liens recorded against [Mount St. Francis]. In the event that the Receiver is unable to obtain the foregoing, then [the] Agreement, in the sole discretion of [ASLC], shall be terminable upon [ASLC] delivering to the Receiver, on or before April 1, 2008, a written notice of termination." Mot. to Intervene Ex. 1 ¶ 3.

9. In addition to the above, on information and belief, Plaintiff Giordano has submitted an administrative claim to the receivership in the amount of $900,000. Mot. to Approve Claim. Giordano claims that he is entitled to receive $900,000 because it is "in return for value that has been provided to the Receivership estate." Id. ¶ 9. The "value" which Giordano has provided to the Receivership estate is not clear. Giordano claims that he is due $900,000 as consideration for releasing ASLC from it's "obligation" to pay Mount St. Francis's outstanding tax liability. Thus, not surprisingly, also pending before the Court is Giordano's motion for the Court to approve his $900,000 "administrative claim." Notably, Giordano avers that he will use the $900,000 to pay back his children who paid, in addition to other liabilities, his "fines to the United States of America." As is evidenced by the attached Judgment, Giordano was ordered to pay $100,000 in fines to the United States. He was also ordered to pay a $100.00 special assessment and $780,539.00 in restitution. Giordano himself paid his $100,000.00 fine. Mot. to Intervene Ex. J. Thus, it appears that Giordano is asking this Court to approve the $900,000 payment to him, money which is owed to the United States as a result of IRS liens recorded against Mount St. Francis, in order to pay back his children for paying restitution of the

HUD funds intended for his nursing homes - - the theft of which caused in part Mount St. Francis's need for receivership. What is also remarkable about Giordano's request is that the majority of the HUD funds that Giordano stole he diverted to his children. Thus, although his children were the appropriate persons to pay Giordano's criminal restitution, they are wholly inappropriate persons to receive the $900,000.00 currently at issue.[4] Approving payment to Giordano of $900,000 would, in essence, give he and his children back the money he stole from HUD.

10. In addition, as indicated in the proposed Complaint in Intervention, the IRS has filed Notices of Federal Tax Lien against Defendant Mount St. Francis after having duly assessed tax and demanded payment.[5] Thus, the United States objects to the receiver's motion to sell Mount St. Francis free and clear of all liens.

11. The United States asserts that its liens attach to the $900,000 which ASLC is committed to paying into the Receivership estate. Accordingly, the United States objects to the Court approving payment of $900,000 in administrative expenses to Plaintiff Giordano.

---

[4] As noted, simultaneous to the filing of the instant objection, the United States, on behalf of the IRS, is also filing a Motion to Intervene and proposed Complaint in Intervention.

[5] The tax liens stem from Mount St. Francis's failure to pay employment taxes from the second quarter of 1999 through the first quarter of 2005. The amount owed as of the date that Mount St. Francis entered receivership was $6,658,415.97. As a general partner, Giordano is directly liable for the liabilities of Mount St. Francis.

## CONCLUSION

Respectfully, based on the foregoing, the Court should deny Plaintiff Giordano's Motion to Prove Payment of Administrative Claim and the Receiver's Motion to Sell Real Estate.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

DULCE DONOVAN
Assistant U. S. Attorney
Chief, Civil Division
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: dulce.donovan@usdoj.gov

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify on this 7th day of February, 2008, that a copy of the within United States' Objection to Motion to Prove Claim and Motion to Sell Real Estate, was sent, by regular mail, to the following:

Christopher Little, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street, 5th Floor
Providence, RI 02903

Charles A. Lovell
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Genevieve M. Martin, Esq.
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Jonathan Savage, Esq.
Schechtman Halperin Savage
1080 Main Street
Pawtucket, RI 02860

Terry Biafore, Sr.
Babcock & Hellwell, Inc.
138 Main Street
Wakefield, RI 02879

Deborah B. Buffi, Esq.
Deputy Chief Legal Counsel
R.I. Department of Human Services
600 New London Ave., BDG 57
Cranston, RI 02920

Lisa Daniels-Burgo, Esq.
HUD
121 South Main Street, Ste. 300
Providence, RI 02903

Allan M. Shine, Esq.
Winograd Shine & Zacks
123 Dyer Street
Providence, RI 02903

Marc D. Wallick, Esq.
Wallick & Associates Ltd.
51 Jefferson Boulevard
Warwick, RI 02888

Jane E. Joly
Accounting Manager Client Rep
MMJUA of RI
10 Weybosset Street, Ste. 502
Providence, RI 02903

Maureen Hobson, Esq.
R.I. Department of Health
3 Capital Hill, Room 404
Providence, RI 02908

Division of Taxation
State of Rhode Island
1 Capitol Hill, Ste. 7
Providence, RI 02909

Douglas A. Giron, Esq.
Schechtman Halperin Savage LLP
1080 Main Street
Pawtucket, RI 02906

I further certify on the 7th day of February, 2008, that a copy of the within United States' Objection to Motion to Prove Claim and Motion to Sell Real Estate, was hand-delivered to the following:

Edward L. Maggiacomo, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Jeffrey Brenner, Esq.
Nixon Peabody LLP
One Citizens Plaza, Ste. 500
Providence, RI 02903

Joseph Ferrucci, Esq.
Ferrucci Russo P.C.
55 Pine Street
Providence, RI 02903