GOVERNMENT EXHIBIT

8

# U.S. District Court
## District of Rhode Island (Providence)
## CRIMINAL DOCKET FOR CASE #: 1:06-cr-00072-ML-LDA All Defendants

Case title: USA v. Giordano et al

Date Filed: 06/08/2006
Date Terminated: 09/18/2006

---

Assigned to: Judge Mary M Lisi
Referred to: Magistrate Judge Lincoln D. Almond

**Defendant**

**Antonio L. Giordano** (1)
*TERMINATED: 09/18/2006*

represented by **Donald K. Stern**
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
617 951-8000
Fax: 617-951-8736
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter DiBiase**
91 Friendship St.
3rd Floor
Providence, RI 02903
831-5020
Fax: 421-0876
Email: attorney_pad@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 12:1715z-19 - EQUITY SKIMMING (1) | 30 mos' imprisonment, followed by 2 yrs' supervised release. $100.00 special assessment; $100,000.00 fine (interest waived). Restitution (joint-and several with co-deft John Montecalvo) ordered in the amount of $780,539.00 (interest waived). |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Judge Mary M Lisi
Referred to: Magistrate Judge Lincoln D. Almond

**Defendant**

| | | |
|---|---|---|
| **John Montecalvo** (2)<br>*TERMINATED: 09/18/2006* | represented by | **C. Leonard O'Brien, Jr.**<br>MacFadyen, Gescheidt & O'Brien<br>The Owen Building<br>101 Dyer Street<br>Providence, RI 02903<br>751-5090<br>Fax: 751-5096<br>Email: len@ridefense.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained*<br><br>**John A. MacFadyen, III**<br>MacFadyen, Gescheidt & O'Brien<br>The Owen Building<br>101 Dyer Street<br>Providence, RI 02903<br>751-5090<br>Fax: 751-5096<br>Email: jam@ridefense.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

| **Pending Counts** | **Disposition** |
|---|---|
| 12:1715z-19 - EQUITY SKIMMING (1) | 24 mos' imprisonment, followed by 2 yrs' supervised release. $100.00 special assessment; no fine is imposed. Restitution (joint-and several with co-deft Antonio L. Giordano) ordered in the amount of $780,539.00 (interest |

waived).

**Highest Offense Level (Opening)**

Felony

**Terminated Counts** | **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints** | **Disposition**

None

---

**Plaintiff**

**USA**

represented by **Andrew Reich**
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza
8th Floor
Providence, RI 02903
709-5000
Fax: 709-5001
Email: andrew.reich@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/08/2006 | 1 | INFORMATION as to Antonio L. Giordano (1) count(s) 1, John Montecalvo (2) count(s) 1. (Attachments: # 1 Criminal Cover Sheets) (Theall, Jeannine) (Entered: 06/09/2006) |
| 06/08/2006 | 2 | PLEA AGREEMENT as to Antonio L. Giordano (Theall, Jeannine) (Entered: 06/09/2006) |
| 06/08/2006 | 3 | PLEA AGREEMENT as to John Montecalvo (Theall, Jeannine) (Entered: 06/09/2006) |
| 06/09/2006 | | Summons Issued in case as to Antonio L. Giordano Arraignment set for 6/12/2006 03:00 PM in Courtroom A before Magistrate Judge Lincoln D. Almond. (Theall, Jeannine) (Entered: 06/09/2006) |
| 06/09/2006 | | Summons Issued in case as to John Montecalvo Arraignment set for 6/12/2006 03:00 PM in Courtroom A before Magistrate Judge Lincoln D. Almond. (Theall, Jeannine) (Entered: 06/09/2006) |

| | | |
|---|---|---|
| 06/12/2006 | 4 | MOTION for Donald K. Stern to Appear Pro Hac Vice by Antonio L. Giordano. (Duhamel, John) (Entered: 06/12/2006) |
| 06/12/2006 | | Minute Entry for proceedings held before Magistrate Judge Lincoln D. Almond :Arraignment as to Antonio L. Giordano (1) Count 1 and John Montecalvo (2) Count 1 held on 6/12/2006, Bond Hearing as to Antonio L. Giordano, John Montecalvo held on 6/12/2006 (Reich, Dibiase, Stern, O'Brien, MacFadyen) PTS McLoughlin; Court informs defts of rights and charge; Defts understand rights and charge; Waiver of Indictment; Defts questioned by the Court; Defts understand rights and waive indictment; Court accepts waivers; Court enters pleas of not guilty for both defts; Govt requests bond for both defts; No objection by Atty Dibiase; Atty O'Brien requests his client be allowed to travel to MA; Defts released on $50,000.00 unsecured bond and conditions; Defts informed of penalties if they violate any conditions; Defts understand penalties (Theall, Jeannine) (Entered: 06/13/2006) |
| 06/12/2006 | 5 | NOTICE OF ATTORNEY APPEARANCE: Peter DiBiase appearing for Antonio L. Giordano (Theall, Jeannine) (Entered: 06/13/2006) |
| 06/12/2006 | 6 | WAIVER OF INDICTMENT by Antonio L. Giordano accepted and signed by MJ Almond (Theall, Jeannine) (Entered: 06/13/2006) |
| 06/12/2006 | 7 | NOTICE OF ATTORNEY APPEARANCE: John A. MacFadyen, III, C. Leonard O'Brien, Jr appearing for John Montecalvo (Theall, Jeannine) (Entered: 06/13/2006) |
| 06/12/2006 | 8 | WAIVER OF INDICTMENT by John Montecalvo accepted and signed by MJ Almond (Theall, Jeannine) (Entered: 06/13/2006) |
| 06/12/2006 | 9 | Appearance Bond Entered as to John Montecalvo in amount of $ 50,000.00 Unsecured, . Signed by Magistrate Judge Lincoln D. Almond on 6/12/06. (Theall, Jeannine) (Entered: 06/13/2006) |
| 06/12/2006 | 10 | ORDER Setting Conditions of Release as to John Montecalvo (2) $50,000.00 Unsecured . Signed by Magistrate Judge Lincoln D. Almond on 6/12/06. Sent to counsel. (Theall, Jeannine) (Entered: 06/13/2006) |
| 06/12/2006 | 11 | Appearance Bond Entered as to Antonio L. Giordano in amount of $ 50,000.00 Unsecured, . Signed by Magistrate Judge Lincoln D. Almond on 6/12/06. Sent to counsel. (Theall, Jeannine) (Entered: 06/13/2006) |
| 06/12/2006 | 12 | ORDER Setting Conditions of Release as to Antonio L. Giordano (1) $50,000.00 Unsecured . Signed by Magistrate Judge Lincoln D. Almond on 6/12/06. Sent to counsel. (Theall, Jeannine) (Entered: 06/13/2006) |
| 06/13/2006 | | Set/Reset Deadlines/Hearings as to Antonio L. Giordano, John Montecalvo : Change of Plea Hearing set for 6/21/2006 11:00 AM in Courtroom 4 before Judge Mary M Lisi. (Barletta, Barbara) (Entered: 06/13/2006) |
| 06/14/2006 | 13 | Summons Returned Executed on 6/12/2006, as to Antonio L. Giordano (re: Information) (Duhamel, John) (Entered: 06/14/2006) |
| | | |

| | | |
|---|---|---|
| 06/14/2006 | 14 | Summons Returned Executed on 6/12/2006, as to John Montecalvo (re: Information) (Duhamel, John) (Entered: 06/14/2006) |
| 06/19/2006 | 17 | ORDER granting 4 Motion to Appear Pro Hac Vice of David K. Stern as to Antonio L. Giordano (1)- Signed by Judge Mary M Lisi on 6/19/06; forwarded to counsel of record (Barletta, Barbara) (Entered: 06/19/2006) |
| 06/20/2006 | | Minute Entry for proceedings held before Judge Mary M. Lisi :In Chambers Conference as to Antonio L. Giordano, John Montecalvo held on 6/20/2006 -- All counsel of record present. (Duhamel, John) (Entered: 06/21/2006) |
| 06/21/2006 | | Minute Entry for proceedings held before Judge Mary M. Lisi :Change of Plea Hearing as to Antonio L. Giordano, John Montecalvo held on 6/21/2006, Pleas entered by John Montecalvo (2) Guilty as to Count 1, and Antonio L. Giordano (1) Guilty as to Count 1. AUSA Andrew Reich (govt); Donald K. Stern & Peter DiBiase (for deft Giordano); C. Leonard O'Brien & John A. MacFadyen, III (for deft Montecalvo); Heather McLoughlin (U.S. Probation). Both defts are sworn & questioned by the Court. Court reviews the terms & conditions of the Plea Agreements. Defts are advised of their rights. Govt summarizes the evidence had these matters proceeded to trial. Both defts plead "guilty" as to the single count contained in each Information. Court accepts the guilty plea. Sentencing in these matters is scheduled for Fri., 9/15/2006 at 11:00 a.m. Both defts remain on bond under terms and conditions previously set. (Court Reporter Karen Wischnowsky.) (Duhamel, John) (Entered: 06/21/2006) |
| 06/21/2006 | | NOTICE OF HEARING as to Antonio L. Giordano, John Montecalvo: Sentencings set for 9/15/2006 at 11:00 AM in Courtroom 1 before Judge Mary M. Lisi. (Notices sent)(Duhamel, John) (Entered: 06/21/2006) |
| 06/21/2006 | 18 | (AMENDED) PLEA AGREEMENT as to Antonio L. Giordano (Duhamel, John) (Entered: 06/21/2006) |
| 06/21/2006 | 19 | (AMENDED) PLEA AGREEMENT as to John Montecalvo (Duhamel, John) (Entered: 06/21/2006) |
| 06/21/2006 | | CERTIFICATES OF MEDICATION being taken by Antonio L. Giordano, John Montecalvo (Duhamel, John) (Entered: 09/19/2006) |
| 06/29/2006 | 20 | TRANSCRIPT of Change of Plea Hearing as to Antonio L. Giordano, John Montecalvo held on June 21, 2006 before Judge Mary M. Lisi. Court Reporter: Karen M. Wischnowsky. (NOTE: Original transcript placed in Antonio Giordano's case file.) (Duhamel, John) (Entered: 06/29/2006) |
| 08/24/2006 | 21 | OBJECTION TO PRESENTENCE REPORT by USA as to Antonio L. Giordano (Reich, Andrew) Additional attachment added on 8/25/2006 (Duhamel, John). Corrected copy of main document replaces original main document filed by the govt on 8/24/2006. (Entered: 08/24/2006) |
| 08/25/2006 | | CORRECTIVE DOCKET ENTRY re: 21 Objection to Presentence Report. Corrected copy of govt's objection to the PSR re: electronic |

| | | |
|---|---|---|
| | | signature, replaces the original document as electronically filed by the govt on 8/24/2006. (Duhamel, John) (Entered: 08/25/2006) |
| 09/11/2006 | 22 | MOTION for Third Level Decrease by USA as to Antonio L. Giordano. (Reich, Andrew) (Entered: 09/11/2006) |
| 09/11/2006 | 23 | MOTION for Third Level Decrease by USA as to John Montecalvo. (Reich, Andrew) (Entered: 09/11/2006) |
| 09/12/2006 | 24 | MOTION to Seal (Barletta, Barbara) (Entered: 09/13/2006) |
| 09/12/2006 | 25 | ORDER granting [24] Motion to Seal - So Ordered by Judge Mary M Lisi on 9/12/06. (Barletta, Barbara) (Entered: 09/13/2006) |
| 09/12/2006 | 26 | Sealed Document placed in Vault #6 (Barletta, Barbara) (Entered: 09/13/2006) |
| 09/13/2006 | 27 | MOTION to Seal (Barletta, Barbara) (Entered: 09/13/2006) |
| 09/14/2006 | 28 | ORDER granting [27] Motion to Seal - So Ordered by Judge Mary M Lisi on 9/14/06. (Barletta, Barbara) (Entered: 09/14/2006) |
| 09/14/2006 | 29 | Sealed Document placed in vault #6 (Barletta, Barbara) (Entered: 09/14/2006) |
| 09/15/2006 | | Minute Entry for proceedings held before Judge Mary M. Lisi :Sentencing held on 9/15/2006 for John Montecalvo (2), Count 1 -- AUSA Andrew Reich (govt); C. Leonard O'Brien & John A. MacFayden III (for deft); Kristin Mattias (U.S. Probation). No objections to PSR filed. Counsel (Reich, O'Brien) make their sentencing recommendations. Court hears argument on defense request for a sentencing variance outside the advisory guideline range. Deft exercises his right of allocution. Court denies motion for sentence variance, and imposes a sentence within the advisory range: 24 mos' imprisonment, followed by 2 yrs' supervised release. $100.00 special assessment; no fine is imposed. Restitution (joint-and several with co-deft Antonio L. Giordano) ordered in the amount of $780,539.00 (interest waived). Deft is advised of his appeal rights. Deft to self-surrender to designated prison facility before 2:00 p.m. on Oct. 13, 2006. (Court Reporter Shaunna O'Connell.) (Duhamel, John) (Entered: 09/15/2006) |
| 09/15/2006 | | MOTION for Sentence Variance by John Montecalvo, addressed in open court at sentencing hearing on 9/15/2006. (Duhamel, John) Modified on 9/15/2006 to indicate proper defendant as to this motion.(Duhamel, John). (Entered: 09/15/2006) |
| 09/15/2006 | | ORAL ORDER as to John Montecalvo denying MOTION for Sentence Variance. So Ordered by Judge Mary M Lisi at sentencing hearing on 9/15/2006. (Duhamel, John) (Entered: 09/15/2006) |
| 09/15/2006 | | Minute Entry for proceedings held before Judge Mary M. Lisi :Sentencing held on 9/15/2006 for Antonio L. Giordano (1), Count 1 -- AUSA Andrew Reich (govt); Peter DiBiase & Donald K. Stern (for deft); Dennis Jenkins (U.S. Probation). Court addresses govt's objection |

| | | |
|---|---|---|
| | | to the PSR, noting that the objection has no effect on the guideline calculations. Counsel make their sentencing recommendations. Deft exercises his right of allocution. Court imposes sentence: 30 mos' imprisonment, followed by 2 yrs' supervised release. $100.00 special assessment; $100,000.00 fine (interest waived). Restitution (joint-and several with co-deft John Montecalvo) ordered in the amount of $780,539.00 (interest waived). (Mr. Stern advises the Court that Mr. Giordano will make full payment of the restitution on Mon., 9/18/2006.) Deft is advised of his right of appeal. Deft to self-surrender to designated prison facility before 2:00 p.m. on Oct. 13, 2006. Court recommends to the BOP that Mr. Giordano be placed in a facility near RI to maintain contact with his family and counsel. (Court Reporter Shaunna O'Connell.) (Duhamel, John) (Entered: 09/15/2006) |
| 09/15/2006 | | ORDER granting 22 Motion for Third Level Decrease as to Antonio L. Giordano (1); granting 23 Motion for Third Level Decrease as to John Montecalvo (2). (Already factored into each deft's guideline calculations by U.S. Probation)-- So Ordered by Judge Mary M. Lisi on 9/15/2006. (Duhamel, John) (Entered: 09/15/2006) |
| 09/18/2006 | 30 | JUDGMENT as to Antonio L. Giordano (1), Count 1: 30 mos' imprisonment, followed by 2 yrs' supervised release. $100.00 special assessment; $100,000.00 fine (interest waived). Restitution (joint-and several with co-deft John Montecalvo) ordered in the amount of $780,539.00 (interest waived). Signed by Judge Mary M. Lisi on 9/18/2006. (Duhamel, John) (Entered: 09/18/2006) |
| 09/18/2006 | 31 | JUDGMENT as to John Montecalvo (2), Count 1: 24 mos' imprisonment, followed by 2 yrs' supervised release. $100.00 special assessment; no fine is imposed. Restitution (joint-and several with co-deft Antonio L. Giordano) ordered in the amount of $780,539.00 (interest waived). Signed by Judge Mary M. Lisi on 9/18/2006. (Duhamel, John) (Entered: 09/18/2006) |
| 09/19/2006 | 32 | AMENDED JUDGMENT as to John Montecalvo (2), Count 1: 24 mos' imprisonment, followed by 2 yrs' supervised release. $100.00 special assessment; no fine is imposed. Restitution (joint-and several with co-deft Antonio L. Giordano) ordered in the amount of $780,539.00 (interest waived). AMENDED to include a recommendaton to the Bureau of Prisons pursuant to a post-sentencing request by defense counsel.Signed by Judge Mary M. Lisi on 9/19/2006. (Duhamel, John) (Entered: 09/19/2006) |
| 10/04/2006 | 33 | TRANSCRIPT ORDER for Sentencing Hearing as to Antonio Giordano held on 9/15/2006 before Judge Mary M. Lisi. (Court Reporter for these proceedings: Shaunna O'Connell) (Duhamel, John) (Entered: 10/04/2006) |
| 10/05/2006 | 34 | This document will be terminated and refiled to reflect proper signatures Emergency MOTION To Extend Voluntary Surrender Date With Supporting Memo by Antonio L. Giordano, John Montecalvo. (O'Brien, C.) Modified on 10/5/2006 (Barletta, Barbara). (Entered: 10/05/2006) |
| | | |

| | | |
|---|---|---|
| 10/05/2006 | 35 | Emergency MOTION To Extend Voluntary Surrender Date With Supporting Memo by Antonio L. Giordano, John Montecalvo. (O'Brien, C.) (Entered: 10/05/2006) |
| 10/05/2006 | | NOTICE OF HEARING as to Antonio L. Giordano, John Montecalvo In Chambers Conference set for 10/11/2006 02:30 PM in Chambers 310 before Judge Mary M Lisi. (Barletta, Barbara) (Entered: 10/05/2006) |
| 10/11/2006 | 36 | ORDER granting 35 Motion to Extend Voluntary Surrender Date to Friday, October 20, 2006, by 2:00 PM, as to Antonio L. Giordano and John Montecalvo. Signed by Judge Mary M. Lisi on 10/11/2006. NOTE: This Order extends by one week the 10/13/2006 self-surrender date as specified on Page 2 of the 30 and 32 criminal judgments. (Duhamel, John) (Entered: 10/11/2006) |
| 10/16/2006 | 37 | TRANSCRIPT of SENTENCING HEARING as to Antonio L. Giordano held on September 15, 2006, before Judge Mary M. Lisi. Court Reporter: Shaunna O'Connell. (Duhamel, John) (Entered: 10/16/2006) |
| 10/16/2006 | 38 | TRANSCRIPT of SENTENCING HEARING as to John Montecalvo held on September 15, 2006, before Judge Mary M. Lisi. Court Reporter: Shaunna O'Connell. (Duhamel, John) (Entered: 10/16/2006) |
| 11/06/2006 | 39 | SATISFACTION OF JUDGMENT by USA (Iannotti, Michael) (Entered: 11/06/2006) |
| 11/06/2006 | 40 | SATISFACTION OF JUDGMENT by USA (Iannotti, Michael) (Entered: 11/06/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/07/2008 08:18:31 | | | |
| **PACER Login:** | us0556 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:06-cr-00072-ML-LDA |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

# Memorandum

| Subject | Date |
|---|---|
| Prosecution Version: U.S. v. ANTONIO L. GIORDANO & JOHN MONTECALVO, CR 06-72ML | July 6, 2006 |
| To | From |
| PROBATION OFFICE | ANDREW J. REICH |

The equity skimming charge in this case relates to funds that were unlawfully diverted from three Rhode Island nursing homes owned and operated by Antonio L. Giordano, and whose finances fell within the overall supervision and control of John Montecalvo: Coventry Health Continuum, Inc. (CHC), Hillside Health Center (HHC) and Mount Saint Francis Health Center (MSF) (the "nursing homes").

**HUD INSURED LOANS**

**Mount Saint Francis Health Center**

Mount Saint Francis Health Center was a nursing home for the elderly and disabled, located in Woonsocket, Rhode Island. It was owned and operated by Mount St. Francis Associates, a Rhode Island for-profit limited partnership. Giordano was the General Partner of Mount St. Francis Associates.

In November, 1983, the U.S. Department of Housing and Urban Development (HUD) insured a mortgage to MSF under Section 232 of the National Housing Act for approximately $6.1 million. Section 232 of the National Housing Act, which is contained in 12 U.S.C. § 1715w, is the nursing home insurance program, and is administered by HUD's Office of Multifamily Housing. Under the program, HUD assumes the risk of borrower default. The primary purpose of the program

is to insure mortgages made by private lending institutions in order to encourage financing of the construction and renovation of nursing homes.

In July, 1995, the existing HUD-insured mortgage was refinanced for approximately $8.6 million. In June, 1999, the project received a $1.1 million operating loss (working capital) loan that was also insured by HUD. That loan was added to the existing HUD insured loan.

Suburban Mortgage Associates, Incorporated ("Suburban"), a financial institution located in Maryland, financed and serviced both the mortgage and the operating loss loan. Giordano is one of the owners of Suburban and also served as one of its Vice-Presidents.

Since at least January 1998, MSF has been in a nonsurplus cash position, meaning that the project did not have cash remaining after the payment of all of its financial obligations. One of the outstanding financial obligations of MSF was the payment of employment taxes to the Internal Revenue Service. Between approximately March, 2000, and June, 2004, MSF failed to pay over to the Internal Revenue Service approximately $2.6 million in employment taxes which it had withheld from the wages of employees of MSF.

In June, 2006, Giordano, as the sole general partner of Mt. Saint Francis Associates, L.P., filed a Petition for Appointment of a Receiver on behalf of Mt. Saint Francis Associates, L.P. with the Rhode Island Superior Court. On June 21, 2006, the court appointed Joseph P. Ferrucci, Esq. as the Temporary Receiver.

**<u>Coventry Health Continuum, Inc.</u>**

Coventry Health Continuum, Inc., was a for-profit nursing home located in Coventry, Rhode Island. Montecalvo served as the President of Coventry Health Continuum, Inc. CHC was established in the early 1980s under the ownership of Coventry Health Center Associates, L.P.

Giordano was a General Partner of Coventry Health Center Associates, L.P. In 1986, CHC obtained a HUD-insured loan of approximately $9.8 million. In 1994, the loan was refinanced to approximately $15.3 million.

As with the insured loan to MSF, the loans to CHC were financed and serviced by Suburban, a financial institution in which Giordano is a partial owner and serves as one of its Vice-Presidents.

Around August 1999 CHC defaulted on its HUD-insured loan, and as a result in June, 2000, the mortgage note, in the amount of approximately $15.1 million, was assigned from Suburban to HUD. In February, 2001, the nursing home was placed into receivership. HUD sold the project's non-recourse note in September 2002 for a loss of approximately $6.29 million.

Since at least January 1998, CHC was in a nonsurplus cash position. One of the outstanding financial obligations of CHC was the payment of employment taxes to the Internal Revenue Service. Between approximately March, 2000, and February 2001, CHC failed to pay over to the Internal Revenue Service approximately $1.3 million in employment taxes which it had withheld from the wages of employees of CHC.

**Hillside Health Center**

Hillside Health Center, LLC was a for-profit nursing home located in Providence, Rhode Island. Montecalvo served as the Manager of Hillside Health Center, LLC. The owner and borrower under the HUD insured mortgage was Hillside Health Center Associates, L.P. The General Partner of Hillside Health Center Associates, L.P. was Consultants, Inc. Giordano was the owner of Consultants, Inc., and Montecalvo served as its Treasurer. HUD initially insured a $12.9 million loan to HHC in August, 1998. The mortgage was financed and serviced through

Suburban. The project opened in June 1999.

In March, 2004, Hillside Health Center Associates, L.P voluntarily put the project into receivership. Subsequently, Suburban attempted to assign the loan to HUD. HUD has refused to pay Suburban's $12.3 million claim, and this claim is currently in civil litigation.

Throughout its period of operation, HHC was in a nonsurplus cash position. One of the outstanding financial obligations of HHC was the payment of employment taxes to the Internal Revenue Service. Between approximately March, 2001, and December, 2003, HHC failed to pay over to the Internal Revenue Service approximately $2.7 million in employment taxes which it had withheld from the wages of employees of HHC.

**CONTROL OVER THE NURSING HOMES**

Although each of the nursing homes had its own Administrator and administrative staff, the finances of the nursing homes fell under the overall control and direction of Giordano and Montecalvo. Giordano and Montecalvo maintained their offices in a building located at 190 Broad St., Providence, RI. This building, which is a large 3 story structure known as the "Stanley Building," was owned by Giordano. In addition to the offices of Giordano and Montecalvo, the building also housed a number of other business entities which were owned and/or controlled by Giordano, Montecalvo, or members of Giordano's family. A number of these businesses received payments from the nursing homes, including My Place, Inc. My Place, Inc., was owned by Giordano's daughter, Mary Gentilli, who also served as its President. Montecalvo served as the Treasurer of My Place.

Sterling Heath Care Management (SHCM) also maintained its office at 190 Broad St. SHCM was an entity established for the purpose of managing the nursing homes. The employees of SHCM acted under the direction of Montecalvo and Giordano.

Montecalvo maintained overall financial responsibility for the various entities falling under Giordano's control, including those of the nursing homes, and consulted with Giordano on a regular basis about the financial status of the nursing homes. The nursing homes were required to submit monthly, weekly and sometimes daily financial reports to Montecalvo which were sent to his office at 190 Broad St. These reports detailed the revenue and expenditures of the nursing homes, and projected future revenue and expenditures.

The primary revenue source for the nursing homes were monthly funds they received from Medicaid. Based on the financial reports, Montecalvo, in consultation with Giordano, made decisions about which vendors and other financial obligations of the nursing homes were to be paid. Because the nursing homes were always in a nonsurplus cash position, payment of the financial obligations of the nursing homes had to be prioritized. Montecalvo made it clear to the nursing home administrators that the entities at 190 Broad St., including My Place, Inc., were to be paid on a priority basis. When the monthly check from Medicaid was received by the nursing homes, a courier would often be sent to the nursing homes to pick up the checks that were made payable to the entities at 190 Broad St., including My Place.

**<u>DIVERSION OF MONEY TO MY PLACE, INC.</u>**

In the late 1990s My Place, Inc. entered into contracts with each of the nursing homes to provide employee relations services to the nursing homes. These contracts were periodically

renewed. The contracts were signed by Gentilli (Giordano's daughter) on behalf of My Place, Inc. and by Juliette Vacarro on behalf of each of the nursing homes. Vacarro was an employee of SHCM who signed the contracts at the direction of Giordano and Montecalvo. Vacarro had no substantive involvement in the negotiation of these contracts, and signed the contracts only because she was directed to do so. The nursing home administrators had no input on whether to initiate or continue the contracts with My Place.

My Place provided a very limited number of services to the nursing home employees, none of which were reasonable or necessary to the operation of the nursing homes. On occasion, My Place held holiday parties for the staff and their families, conducted raffles, provided arts and crafts and gave occasional gifts of nominal value to employees along with their pay checks (candies, pens, etc.). My Place also had a counselor come to the nursing homes on a monthly basis and give talks on a topics such as "anger management," "changing worlds," "changing times," "cultural differences," "how to give a successful party" and "getting through the holidays." Between December, 1997, and July 2004, however, this counselor was paid a total of only $36,000.

The amount of money paid to My Place was unreasonable, unnecessary, and grossly disproportionate to the value of any provided services. On various occasions nursing home Administrators and others complained to Montecalvo and Giordano about the uselessness of the payments to My Place, that the nursing homes were not receiving anything of value from My Place, and that the payments to My Place should terminate. Giordano and Montecalvo insisting that the payments be made.

During the later period of time, the nursing home contracts provided that My Place was to be paid by each of the nursing homes in the amount of approximately $5,500 per month. Although the nursing homes did not always have sufficient funds to pay the full amount, substantial sums of money were paid to My Place. Specifically, between January 1998 and May 2004 MSF paid approximately $382,700 to My Place; between November 1999 and May 2003 HHC paid approximately $130,798 to My Place; and between January 1998 and January 2001 CHC paid approximately $267,041 to My Place. The total amount improperly paid to My Place by all three nursing homes between January 1998 and May 2004 was approximately $780,539.

A substantial portion of the monies received by My Place were subsequently transferred to other entities at 190 Broad Street which were owned by Giordano or members of Giordano's family. These payments included approximately $104,500 that was transferred from My Place to Giordano's wife, Mary Giordano; $11,700.00 that was transferred from My Place to Antonio Giordano, Inc.; $79,200.00 that was transferred from My Place to Consultants Associates; $166,300 that was transferred from My Place to Consultants, Inc.; $111,800 that was transferred from My Place to Simon & Windsor Interiors, another company operated by Mary Gentilli; and $49,800 that was transferred from My Place to the Stanley Building.

**VICTIM INFORMATION**

The victims of this offense are Coventry Health Continuum, Inc. (in the amount of $267,041), Hillside Health Center LLC (in the amount of $130,798), and Mount St. Francis Associates LP (in the amount of $382,700). As noted above, CHC and HHC are in Receivership, and pursuant to paragraph 4 of the Plea Agreement, the restitution for CHC and HHC should be

paid to the Receivers of those entities. The Receiver of both CHC and HHC is Allan M. Shine, Winograd, Shine & Zacks, PC, 123 Dyer St., Suite 2, Providence, RI 02903.

MSF did not go into receivership until June 21, 2006. The Temporary Receiver of MSF is Joseph P. Ferrucci, Ferrucci Russo PC, 55 Pine St., Suite 4, Providence, RI 02903. The Plea Agreement specifies that the restitution to MSF should be paid by the defendants to the Internal Revenue Service toward payment of employment taxes that are owed to the Internal Revenue Service by Mount St. Francis Associates LP.