**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANTONIO L. GIORDANO,**<br>**Plaintiff**<br><br>**v.**<br><br>**MT. ST. FRANCIS ASSOCIATES, L.P.,**<br>**Defendant** | : | **C.A. No.: 08-48/S** |
| **UNITED STATES OF AMERICA,**<br>**Interpleader-Plaintiff**<br><br>**v.**<br><br>**ANTONIO L. GIORDANO,**<br>**MT. ST. FRANCIS ASSOCIATES, L.P.**<br>**and JOSEPH FERRUCCI, ESQUIRE,**<br>**as Receiver** | : | |

**THE COURT APPOINTED RECEIVER'S RESPONSE TO THE UNITED STATES' OBJECTION TO MOTION TO PROVE ADMINISTRATIVE CLAIM**

NOW COMES, Joseph P. Ferrucci, Esq., the Court-appointed Receiver in this proceeding, and herein files his response to the United States' Objection to Motion to Prove Administrative Claim ("Objection"). In support of his response, the Receiver respectfully states as follows:

1. The United States' Objection should be overruled for three (3) reasons: (1) if this Court does not grant the administrative claim, then there is no reasonable prospect of an offer forthcoming from the current manager of the property and thus there will be no money, let alone $900,000.00 set aside, for the claims of the United States, or anyone else for that matter; (2) the United States does not have standing to object to the administrative expense claim insofar as a secured claimant cannot object to an administrative expense which is subordinate to its secured claim, *see In re James R. Orosco, 1987 Bankr. LEXIS 2341, *6-*7 (Bank. N.D. Cal. 1987)*; and

(3) the United States, notwithstanding this Court's approval of the so-called administrative claim, is not prejudiced in that it asserts a secured claim with respect to the $900,000.00, and, it is well settled, that a secured claim **is not** primed by an administrative claim unless **the administrative claim actually confers a benefit on the secured claimant.** *See* 11 USC § 506(c); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 5 (2000); *U.S. v. F.D.I.C.*, 899 F.Supp. 50, 55 (D.R.I. 1995); *In re Cascade Hydraulics and Utility Service, Inc.*, 815 F.2d 546, 548 (9th Cir.1987).

2. The pleadings in this case set forth the procedural posture of this matter with particularity. The Mt. St. Francis facility is experiencing substantial, operational shortfalls. But for the efforts of the Court-approved manager of the facility, ASLC Management of RI, I, LLC ("ASLC"), the facility would have shutdown long ago. As an immediate result of a shutdown, over 150 residents would be forced to find alternate homes. This devastating result would also exact a toll on the current holder of the mortgage and the Department of Housing and Urban Development, because a closure would likely result in a liquidation of the real estate and its contents. This would result in a significant decrease in the sale value of the assets, causing a deficiency on the secured loans likely, at a minimum, in the $5 million to $6 million range.

3. As the Court is well-aware, if the administrative claim is approved, the administrative claimant has indicated it will provide a release to ASLC and the Receiver which will clear the way for this Court to order a sale of the facility, free and clear of all liens, claims and encumbrances, and leave a fund of approximately $900,000.00 for the United States, the administrative claimant, certain taxing authorities and for that matter, any other party to assert a claim against. **WITHOUT THE ADMINISTRATIVE CLAIM APPROVAL, THERE WILL BE NO FUNDS**.

4. Respectfully, the United States' contentions in subparagraph (B) of its argument are issues for the Receiver, not a creditor with a competing claim. What the United States is concerned about here is the risk that at some point in the future this Court might determine that an approved administrative claim primes its asserted senior tax liens. These concerns should be addressed after there are funds to fight over. Its assertion of an objection here is simply premature. The administrative claimant has not yet asked this Court for a determination as to relative priority between itself and the United States.

5. Furthermore, the United States' contentions in subparagraph (D) of its objection are also issues for the Receiver to decide prior to any hearings before the Court. Thus, if the Court allows the administrative claim, the United States can argue that that there was no benefit to its collateral and as such remains subordinate to the United States' claim.

6. As a general rule one does not have standing to object to an administrative expense, if the administrative expense is subordinate to one's own claim. *See In re James R. Orosco*, 1987 Bankr. LEXIS 2341, *6-*7 ("holders of secured claims have no standing to object to this because administrative expenses are subordinate to secured claims . . . ."); *In re Barbara Jean Thomas*, 2004 Bankr. LEXIS 267, *5-*6 (Bank. M.D. Fla. 2004) (finding that a Chapter 13 trustee did not have standing to object to administrative expenses because no funds were going to creditors, but debtor had standing to object because the administrative expense would reduce debtor's refund). In the instant matter, if the administrative expense claim is approved it will be subordinate to the United States' claim, therefore the United States does not have standing to object at this point in the proceeding. *See In re James R. Orosco*, 1987 Bankr. LEXIS 2341, *6-*7. If the administrative claimant decides to make a claim for the priming of its claim under 11

USC § 506(c), the United States will have standing to make its objection at that point if it so chooses.

7. Assuming, *arguendo*, that the United States has standing, the United States will not be prejudiced by this Court's approval of the administrative claim. The United States will have the right it has always had, both in the state court and in this federal proceeding, to assert its purported first senior position in connection with its recorded liens. If the Court were to approve the administrative claim, that fact does not change. Presumptively, the United States will assert that the administrative claim should not prime its prior, secured claim, because the administrative claim conferred no benefit upon the secured creditor. To the extent that the administrative claim is determined to have conferred a benefit upon the secured creditor, in whatever amount, be it $900,000.00, or some lesser amount to be determined by this Court, then priming is appropriate. *See* 11 USC § 506(c); *Hartford Underwriters Ins. Co*., 530 U.S. at 5 (The rule is that "secured claims are superior to administrative claims," but 506(c) is the "exception."); *U.S. v. F.D.I.C.*, 899 F.Supp. at 55 (finding that pursuant to 506(c) "only operating expenses of the receivership which benefitted (sic) the secured creditor may be paid from the secured creditor's collateral."); *In re Cascade Hydraulics and Utility Service, Inc.*, 815 F.2d at 548 ("Administrative expenses or the general costs of reorganization may not generally be charged against secured collateral. We allow payment of administrative expenses from the proceeds of secured collateral when incurred primarily for the benefit of the secured creditor . . . .")(Citations omitted).

8. For these reasons, the United States' objection should be overruled.

Respectfully submitted,

Joseph P. Ferrucci, Esq., in his capacity as the duly appointed Permanent Receiver of Mt. St. Francis Associates, L.P., and not in his individual capacity,

_/s/ Joseph P. Ferrucci________
Joseph P. Ferrucci, Esq. (#4231)
Ferrucci Russo P.C.
55 Pine Street
Providence, RI 02903
Tel.: 401-455-1000
Fax: 401-455-7778

Dated: March 19, 2008

## CERTIFICATION

I hereby certify that on this 19th day of March, 2008, I served a true and accurate copy of the within via electronic filing to:

**Dolce Donovan, Esq.** - dulce.donovan@usdoj.gov
**Jeffrey S. Brenner, Esq**. - jbrenner@nixonpeabody.com
**James E. Brown, Esq**. – james.e.brown2@usdoj.gov
**Joseph Avanzato, Esq. –** javanzato@apslaw.com
**Edward Maggiacomo, Esq. –** emaggiacomo@apslaw.com
**Christopher Little, Esq.** - clittle@lmkbw.com
**Ly T. Nguyen, Esq.** - ly.nguyen@usdoj.gov
**Allan M. Shine, Esq. –** ashine@wszlaw.com
**Jon N. Savage, Esq. –** jsavage@shslawfirm.com
**Douglas A. Giron, Esq. –** dag@shslawfirm.com
**Marc Wallick, Esq. –** wallicklaw@aol.com
**Charles A. Lovell, Esq. –** cal@psh.com
**Deborah B. Buffi, Esq.** - Dbuffi@dhs.ri.gov
**Geoffrey W. Millsom, Esq. –** gmillsom@apslaw.com
**James E. Brown, Esq. –** james.e.brown2@usdoj.gov
**Robert Stolzman, Esq. –** rstolzman@apslaw.com

The following was served upon **Genevieve M. Martin, Esq**., Assistant Attorney General, 150 South Main Street, Providence, Rhode Island 02903, **Terry Biafore, Sr.,** Babcock & Hellwell, Inc., 138 Main Street, Wakefield, Rhode Island 02879, **Lisa Daniels-Burgo, Esq**., Housing and Urban Development, 121 South Main Street, Suite 300, Providence, Rhode Island 02903, **Maureen Hobson**, R.I. Department of Health, 3 Capital Hill, Room 404, Providence, Rhode Island 02908, **Jane E. Joly**, Accounting Manager Client Rep, MMJUA of RI, 10 Weybosset Street, Suite 502, Providence, Rhode Island 02903**, Division of Taxation**, State of Rhode Island, One Capitol Hill, Suite 7, Providence, Rhode Island 02909, via first-class mail, postage prepaid.

/s/ Joseph P. Ferrucci