UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANTONIO L. GIORDANO,<br><br>Plaintiff,<br><br>v.<br><br>MT. ST. FRANCIS ASSOCIATES, L.P.,<br><br>Defendant. | Case No. 1:08-cv-00048-S-LDA<br>Honorable William E. Smith<br>Referral Judge: Honorable Lincoln D. Almond<br><br>(Formerly Rhode Island Superior Court P.M. No. P.B. 06-3301) |

**AFFIDAVIT OF JAMES E. BROWN**

I, James E. Brown, state as follows:

1. I am a trial attorney with the Tax Division of the United States Department of Justice, and I have been assigned primary responsibility for the representation of the United States in the above-captioned proceeding.

2. The United States has not had an opportunity to conduct discovery regarding the Motion to Prove the Administrative Claim of Antonio L. Giordano, filed in the above-captioned receivership proceeding (in state court) on February 7, 2008.

3. For the reasons given in the United States' Brief in Support of United States' Objection to Motion to Prove Administrative Claim, the United States asserts that it should not be necessary, in ruling on Mr. Giordano's Motion to Prove Claim,[1] for the Court to reach the question whether the alleged consideration supporting Mr. Giordano's purported claim, namely a release of any claims under the Nursing Home Agreement, would benefit the receivership estate in the above-captioned proceeding, and if so, by what dollar amount.

---

[1] All abbreviations herein are defined in the United States Brief in Support of United States' Objection to Motion to Prove Administrative Claim.

4. If, however, the Court determines that it must rule on this issue, at this time I cannot present by affidavit or other documentary evidence potential facts which could be essential to the United States' position, upon information and belief, that the release has little or no value to the estate, because the United States has not taken discovery to establish those facts.

5. Fact and/or expert discovery regarding the value of Mr. Giordano's release to the receivership estate, if any, might reveal facts that would support the United States' position, upon information and belief, that the release has little or no value to the estate. The following are examples of such potential facts:

A) The MSF Facility has value as a going concern, such that the Receiver could solicit further bids to purchase the MSF Facility, as a going concern, from ASLC or from other potential buyers. This might be established through discovery regarding the finances and business prospects of the MSF Facility, and through an expert appraisal.

B) Giordano's potential breach of contract claims under the Nursing Home Agreement, if any, have little or no value. This might be established through discovery regarding Mr. Giordano's alleged reliance on the Nursing Home Agreement; and

C) The $900,000 Closing Payment from ASLC represents the estimated value of the MSF Facility, as a going concern, after the assumption of certain indebtedness pursuant to the Purchase and Sale Agreement. The $900,000 Closing Payment was negotiated as such, and not as the price of a release from Mr. Giordano. This might be established through discovery regarding the negotiation of the Purchase and Sale Agreement.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of March, 2008, at Washington, DC.

James Brown

JAMES E. BROWN

**CERTIFICATE OF SERVICE**

I CERTIFY that service of the foregoing AFFIDAVIT OF JAMES E. BROWN, has been made on this 24th day of March, 2008, by filing a copy with the Clerk of Court using the CM/ECF system, which should send electronic copies of the filing to the following CM/ECF participants:

Christopher Little, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street, 5th Floor
Providence, RI 02903

Allan M. Shine, Esq.
Winograd Shine & Zacks
123 Dyer Street
Providence, RI 02903

Douglas A. Giron, Esq.
Schechtman Halperin Savage LLP
1080 Main Street
Pawtucket, RI 02906

Jeffrey Brenner, Esq.
Nixon Peabody LLP
One Citizens Plaza, Ste. 500
Providence, RI 02903

Joseph Ferrucci, Esq.
Ferrucci Russo P.C.
55 Pine Street
Providence, RI 02903

Joseph Avanzato, Esquire
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345

I FURTHER CERTIFY that service of the foregoing AFFIDAVIT OF JAMES E. BROWN, has been made on this 24th day of March, 2008, by depositing a copy in the United States mail, first class postage prepaid, addressed to the following:

Edward L. Maggiacomo, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Charles A. Lovell
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Genevieve M. Martin, Esq.
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Jonathan Savage, Esq.
Schechtman Halperin Savage
1080 Main Street
Pawtucket, RI 02860

Terry Biafore, Sr.
Babcock & Hellwell, Inc.
138 Main Street
Wakefield, RI 02879

Deborah B. Buffi, Esq.
Deputy Chief Legal Counsel
R.I. Department of Human Services
600 New London Ave., BDG 57
Cranston, RI 02920

Marc D. Wallick, Esq.
Wallick & Associates Ltd.
51 Jefferson Boulevard
Warwick, RI 02888

Maureen Hobson, Esq.
R.I. Department of Health
3 Capital Hill, Room 404
Providence, RI 02908

Lisa Daniels-Burgo, Esq.
HUD
121 South Main Street, Ste. 300
Providence, RI 02903

MMJUA of Rhode Island
1 Turks Head Building, Suite 200
Providence, Rhode Island 02903

Division of Taxation
State of Rhode Island
1 Capitol Hill, Ste. 7
Providence, RI 02909

*/s/ James E. Brown*
JAMES E. BROWN
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6053
Facsimile: (202) 514-5238
Email: James.E.Brown2@usdoj.gov