UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTONIO L. GIORDANO,<br>Plaintiff<br><br>v.<br><br>MT. ST. FRANCIS ASSOCIATES, L.P.,<br>Defendant | : | C.A. No.: 08-48/S |
| UNITED STATES OF AMERICA,<br>Interpleader-Plaintiff<br><br>v.<br><br>ANTONIO L. GIORDANO,<br>MT. ST. FRANCIS ASSOCIATES, L.P.<br>and JOSEPH FERRUCCI, ESQUIRE,<br>as Receiver | : | |

**RECEIVER'S PETITION TO SELL REAL ESTATE AND BUSINESS ASSETS FREE AND CLEAR OF LIENS**

Now comes Joseph P. Ferrucci, Esq. (the "Receiver"), in his capacity as the duly appointed Receiver of Mt. St. Francis Associates, L.P. ("Mt. St. Francis"), and not in his individual capacity, and hereby petitions this Court for an order allowing and authorizing the Receiver to sell the real estate and business assets of Mt. St. Francis free and clear of any and all liens and/or encumbrances.

In support of the within Petition, your Receiver respectfully states and represents as follows:

1. On March 6, 2008, this Court entered an Order confirming the appointment of the Receiver and all previous orders previously entered by the Rhode Island Superior Court, unless specifically set aside by order of this Court.

2. The Defendant's assets consist of the following:

   a. Certain real property, and improvements thereon, located at 4 St. Joseph Street, Woonsocket, Rhode Island as more particularly described in Exhibit "A" attached hereto and made a part hereof (the "Real Estate"); and

b. Cash, accounts receivable, inventory, prepaids, fixtures, supplies, machinery, equipment furniture, any and all intangible personal property, any and all licenses held by Mt. St. Francis, the trademark/tradename of Mt. St. Francis Health Center, and/or other assets as recorded or unrecorded at the time of closing, located at 4 St. Joseph Street, Woonsocket, Rhode Island (collectively, the "Assets"), but excluding the Excluded Assets as defined in the appended Real Estate Purchase and Sale Agreement ("Agreement"). A true and accurate copy of the Agreement is appended hereto as Exhibit "B".

3. Your Receiver has accepted the offer outlined in the Agreement from American Senior Living Communities I, LLC ("ASLC"), subject to approval of this Court.

4. Prior to your Receiver's appointment, Mt. St. Francis, Plaintiff and ASLC[1] entered into that certain Mt. St. Francis Agreement, so-called, dated June 19, 2006 (a copy of which Agreement is attached as Exhibit "A" to the Motion to Prove Administrative Claim of Antonio L. Giordano filed with the Court on January 28, 2008), which, among other things, permitted it to make an offer for the Real Estate and Assets on certain terms and conditions. Certain of those terms, if an offer was to be made[2], required an assumption of the existing mortgage loans totaling approximately $9.3 Million Dollars, a payment to the Internal Revenue Service on account of taxes owing by Plaintiff to it, as well as payment of certain pre-petition unsecured claims more specifically described therein. It should be noted that an offer containing the aforesaid provisions was strictly optional on the part of ASLC. The Receiver is advised that ASLC will not make an offer for the Real Estate and Assets containing all of the aforementioned provisions. Instead, ASLC has made an offer on terms as described in Exhibit "B" attached hereto which does not provide for a payment to the Internal Revenue Service and does not provide for the payment of the unsecured creditor claims identified in the Mt. St. Francis Agreement dated June 19, 2006.

5. Notwithstanding the foregoing, your Receiver believes that it is in the best interest of the estate, and its creditors, to sell the Real Estate and Assets, respectively, based upon the terms and

1 ASLC is referenced to as American Senior Living Communities RI I, LLC and American Senior Living Communities I, LLC, these are one and the same entity.

2 ASLC was not obligated to make an offer containing these terms, rather it could make an offer containing these terms at its election. Further, the Agreement provides that ASLC could not submit any other offer presumptively

conditions set forth in the Agreement. The Receiver believes the value of the offer contained in the Agreement greatly exceeds the value of the Real Estate and Assets on an orderly liquidation basis.

6. Additionally, approval of the sale will result in the preservation of 150 jobs in the City of Woonsocket as well as avoid the need to close and relocate approximately 125 current residents, many of whom are elderly and/or of fragile health. Relocation would result in a major disruption to not only the residents way of life but could pose a health threat to some. Importantly, Mt. St. Francis is a facility that is utilized by many local families, a number of which walk to the facility daily from surrounding neighborhoods to visit loved ones. A closure would substantially disrupt those families' current plan for care of their loved ones.

7. Your Receiver believes that Notice of Hearing on the within Petition should be given to all parties who have recorded liens against the Assets and Real Estate and any improvements thereon at the City of Woonsocket Records of Land Evidence and at the Uniform Commercial Code Division of the Office of the Secretary of State of Rhode Island as set forth on Exhibit "C" annexed hereto, to all creditors of Defendant known to the Receiver, and to all other interested parties and that all parties and/or entities that claim an interest, lien, or encumbrance against the Real Estate and/or Assets, including but not limited to, those parties set forth on Exhibit "C" annexed hereto, accept as may be set forth in the Agreement, be directed to execute and deliver to the Receiver, within seven (7) days of his written request, lien releases, mortgage discharges, UCC Financing Termination Statements and the like, in the usual and customary form, and all other documents reasonably necessary to effectuate the release and discharge of such interests, claims, liens and encumbrances, with the execution and delivery of the same to be without prejudice to or waiver of any such interests, claims, liens or encumbrances against the sale proceeds.

8. Your Receiver further seeks a declaration in the order approving the aforedescribed sale that all interests, claims, liens and encumbrances asserted against the Real Estate and Assets, including but not limited to, the interests, claims, liens and encumbrances asserted by those parties listed on the Real Estate Title Report and Schedule of UCC Financing Statements annexed hereto, accept as may be set forth in the Agreement, be declared to be released and discharged upon

---

without the approval of Plaintiff.

consummation of the sale of the Real Estate and Assets and that the recording of such order with the Receiver's Deed shall constitute evidence of such release and discharge.

WHEREFORE, your Receiver prays: (a) that the within Petition be set down for hearing before this Court; (b) that the Receiver be authorized to sell the Assets and Real Estate on the terms stated in the Agreement, free and clear of interests, claims, liens and/or encumbrances, to the party indicated above, or its nominee and/or designee, or to any other party that this Court deems to be in the best interest of creditors of Mt. St. Francis, upon the annexed terms and conditions, or such other terms and conditions as this Court may approve; (c) that all interests, claims, liens, and encumbrances against the Assets and Real Estate be transferred to the proceeds thereof in the same priority as prior to such transfer; (d) that all entities who claim an interest, lien or encumbrance against the Assets and Real Estate, including but not limited to those parties set forth on the Real Estate Title Report and the Schedule of UCC Financing Statements, be directed to execute and deliver to the Receiver, within seven (7) days of his written request, lien releases, mortgage discharges, UCC Financing Termination Statements and the like, in the usual and customary form, and all other documents reasonably necessary to effectuate the release and discharge of such interests, claims, liens or encumbrances, with the execution and delivery of the same to be without prejudice to or waiver of any such interests, claims, liens or encumbrances against the sale proceeds; (e) that subject to the terms hereof, and unless specified otherwise in the Agreement, all the interests, claims, liens or encumbrances against the Assets and Real Estate be declared released and discharged with respect to the Assets and Real Estate, and the recording of the Order authorizing such sale be declared to constitute evidence of such release and discharge; and (f) that the Receiver be granted such other further relief as this Court shall deem fit, just and reasonable.

Respectfully submitted,
Joseph P. Ferrucci, Esq., in his capacity as the duly appointed Receiver of Mt. St. Francis Associates, L.P., and not in his individual capacity

/s/ Joseph P. Ferrucci

Joseph P. Ferrucci, Esq. (#4231)
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: 401-455-1000
Fax: 401-455-7778
Email: jferrucci@frlawri.com

Date: June 9, 2008

## CERTIFICATION

I hereby certify that on this 9th day of June, 2008, I served a true and accurate copy of the within via electronic filing to:

**Dolce Donovan, Esq.** - dulce.donovan@usdoj.gov
**James E. Brown, Esq**. – james.e.brown2@usdoj.gov
**Joseph Avanzato, Esq.** – javanzato@apslaw.com
**Edward Maggiacomo, Esq.** – emaggiacomo@apslaw.com
**Christopher Little, Esq.** - clittle@lmkbw.com
**Ly T. Nguyen, Esq.** - ly.nguyen@usdoj.gov
**Allan M. Shine, Esq.** – ashine@wszlaw.com
**Jon N. Savage, Esq.** – jsavage@shslawfirm.com
**Douglas A. Giron, Esq.** – dag@shslawfirm.com
**Marc Wallick, Esq.** – wallicklaw@aol.com
**Charles A. Lovell, Esq.** – cal@psh.com
**Deborah B. Buffi, Esq.** - Dbuffi@dhs.ri.gov
**Geoffrey W. Millsom, Esq.** – gmillsom@apslaw.com
**Robert Stolzman, Esq.** – rstolzman@apslaw.com
**John Leonard, Esq.** – jleonard@mdmc-law.com
**Scott Flynn, Esq.** – sflynn@mdmc-law.com
**Bruce Boyer, Esq.** – bruceboyer@aol.com
**Stephen Prignano, Esq.** – sprignano@eapdlaw.com
**R. Thomas Dunn, Esq.** – tdunn@lmkbw.com
**Mark W. Freel, Esq**. – mfreel@eapdlaw.com

The following was served upon **Genevieve M. Martin, Esq**., Assistant Attorney General, 150 South Main Street, Providence, Rhode Island 02903, **Terry Biafore, Sr.,** Babcock & Hellwell, Inc., 138 Main Street, Wakefield, Rhode Island 02879, **Lisa Daniels-Burgo, Esq**., Housing and Urban Development, 121 South Main Street, Suite 300, Providence, Rhode Island 02903, **Maureen Hobson**, R.I. Department of Health, 3 Capital Hill, Room 404, Providence, Rhode Island 02908, **Jane E. Joly**, Accounting Manager Client Rep, MMJUA of RI, 10 Weybosset Street, Suite 502, Providence, Rhode Island 02903**, Division of Taxation**, State of Rhode Island, One Capitol Hill, Suite 7, Providence, Rhode Island 02909, via first-class mail, postage prepaid.

/s/ Joseph P. Ferrucci