UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTONIO L. GIORDANO, | : | |
| Plaintiff | : | |
| v. | : | C.A. No. 08-48-S |
| MT. ST. FRANCIS ASSOCIATES, L.P., | : | |
| Defendant. | : | |

**ANTONIO L. GIORDANO'S OPPOSITION TO RECEIVER'S PETITION TO SELL REAL ESTATE AND BUSINESS ASSETS FREE AND CLEAR OF LIENS**

Plaintiff Antonio L. Giordano hereby opposes the Receiver's Petition to Sell Real Estate and Business Assets Free and Clear of Liens. The grounds for this opposition are set forth in the accompanying memorandum of law.

Respectfully submitted,

ANTONIO L. GIORDANO
By his Attorneys:

/s/ Joseph Avanzato

JOSEPH AVANZATO (#4774)
javanzato@apslaw.com
EDWARD L. MAGGIACOMO (#0438)
ROBERT I. STOLZMAN (#3530)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-751-0604
Dated: June 16, 2008

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of June, 2008, I sent a true copy of the foregoing pleading by electronic means (ECF) to the following:

Jeffrey Brenner, Esq.
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
jbrenner@nixonpeabody.com

James E. Brown, Esq.
U.S. Department of Justice, Tax Division
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
james.e.brown2@usdoj.gov

Joseph Ferrucci, Esq.
jferrucci@frlawri.com
Christopher Mulhearn, Esq.
cmulhearn@frlawri.com
Ferrucci Russo P.C.
55 Pine Street
Providence, RI 02903

Christopher Little, Esq.
clittle@lmkbw.com
R. Thomas Dunn, Esq.
tdunn@lmkbw.com
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street, 5th Floor
Providence, RI 02903.

Allan M. Shine, Esq.
Winograd Shine & Zacks
123 Dyer Street
Providence, RI 02903
ashine@wszlaw.com

Dulce Donovan, Esq.
Assistant U.S. Attorney
Chief, Civil Division
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
dulce.donovan@usdoj.gov

Douglas A. Giron, Esq.
Schechtman Halperin Savage LLP
1080 Main Street
Pawtucket, RI 02906
dgiron@shslawfirm.com

Ly Nguyen, Esq.
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
ly.nguyen@usdoj.gov

The undersigned further certifies that on the 16th day of June, 2008, I sent a true copy of the foregoing pleading by First Class mail, postage prepaid to the following:

Genevieve M. Martin, Esq.
Assistant Attorney General
150 South Main Street
Providence, RI 02903-1345

MMJUA of RI
One Turks Head Building
Suite 200
Providence, RI 02903

Terry Biafore, Sr.
Babcock & Hellwell, Inc.
138 Main Street
Wakefield, RI 02879

Division of Taxation
State of Rhode Island
1 Capitol Hill, Suite 7
Providence, RI 02908

Charles A. Lovell, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Jonathan Savage, Esq.
Schechtman Halperin Savage
1080 Main Street
Pawtucket, RI 02860

Marc D. Wallick, Esq.
Wallick & Associates Ltd.
51 Jefferson Boulevard
Warwick, RI 02888

Maureen Hobson, Esq.
R.I. Department of Health
3 Capitol Hill, Room 404
Providence, RI 02908

Deborah B. Buffi, Esq.
Deputy Chief Legal Counsel
R.I. Department of Human Services
600 New London Ave., BDG 57
Cranston, RI 02920.

Lisa Daniels-Burgo, Esq.
HUD
121 South Main Street, Suite 300
Providence, RI 02903

/s/ Joseph Avanzato

*457837_1*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTONIO L. GIORDANO, | : | |
| Plaintiff | : | |
| v. | : | C.A. No. 08-48-S |
| MT. ST. FRANCIS ASSOCIATES, L.P., | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF ANTONIO L. GIORDANO'S OPPOSITION TO RECEIVER'S PETITION TO SELL REAL ESTATE AND BUSINESS ASSETS FREE AND CLEAR OF LIENS**

Plaintiff Antonio L. Giordano ("Mr. Giordano") respectfully submits this memorandum of law in support of his opposition to the Receiver's Petition to Sell Real Estate and Business Assets Free and Clear of Liens.

## I. BACKGROUND

On June 19, 2006, Mt. St. Francis Associates, L.P. ("Defendant"), Mr. Giordano and American Senior Living Corporation ("ASLC") entered into an agreement (the "Nursing Home Agreement") concerning ASLC's potential acquisition of Defendant's nursing home facility (the "Facility") and other assets (collectively, the "Assets") through a receivership proceeding. See Nursing Home Agreement at § 1.[1] The terms of the Nursing Home Agreement included the following: (1) Defendant would be petitioned into receivership; (2) ASLC would manage the Facility post-petition; (3) as manager of

[1] A true and accurate copy of the Nursing Home Agreement is attached as Exhibit A to the Motion to Prove the Administrative Claim of Antonio L. Giordano (dated January 28, 2008) (originally filed in Superior Court).

the Facility, ASLC would pay the post-petition payroll and other taxes owed to the IRS and to the State of Rhode Island; (4) as manager of the Facility, ASLC would pay certain pre-petition accounts payable; and (5) ASLC could, at its election, submit an offer to purchase the Facility, subject to certain terms and conditions. As an express condition of ASLC submitting an offer to purchase the Facility, ASLC agreed to pay certain obligations to the IRS and certain pre-petition accounts payable.

Pursuant to the terms of the Nursing Home Agreement, on or about June 20, 2006, Mr. Giordano filed a petition for the appointment of a Receiver for Defendant. Mr. Giordano filed that petition in reliance on the provisions of the Nursing Home Agreement, especially the provisions that require ASLC to pay certain amounts owed to the IRS as a condition of acquiring the Facility.

Mr. Giordano remains ready, willing and able to perform under the terms of the Nursing Home Agreement. However, in early 2008, ASLC informed Mr. Giordano, through counsel, that ASLC was unable and unwilling to submit an offer that complies with all of the terms of the Nursing Home Agreement. ASLC specifically informed Mr. Giordano that it was unable to make the required payment to the IRS.

ASLC further informed Mr. Giordano that because the terms of the Nursing Home Agreement require ASLC to make a payment to the IRS as a condition of acquiring the Facility, and because ASLC could not make the required payment to the IRS, ASLC would not acquire the Facility unless Mr. Giordano released ASLC from any liability under the terms of the Nursing Home Agreement. ASLC and Mr. Giordano entered into negotiations (through counsel) concerning potential termination of the Nursing Home Agreement and a potential new, post-petition agreement.

ASLC and Mr. Giordano negotiated the payment amount, and ultimately agreed on $900,000. ASLC informed Mr. Giordano that it wanted to pay the $900,000 into Defendant's receivership estate and to have Mr. Giordano make claim to that money. Accordingly, ASLC and Mr. Giordano agreed as follows: (1) ASLC would include in its offer a payment of $900,000 into the receivership estate, distribution of which would be subject to an Order of the Court; (2) ASLC would take no position as to how the Court should distribute the $900,000; and (3) if Mr. Giordano's administrative claim for $900,000 were approved, Mr. Giordano would release ASLC and the Receiver from any liability under the Nursing Home Agreement (the "Release Agreement").

In representations to the Superior Court, to this Court, and to Mr. Giordano, ASLC repeatedly stated that it would not assert any position as to how the $900,000 should be distributed. During a hearing before the Superior Court on January 11, 2008, counsel for ASLC stated that "we [ASLC] will pay the money [$900,00] into the receiver and then really don't have any issue . . . [h]ow the court pays that out."[2] During another hearing before the Superior Court one month later, ASLC's counsel repeated that position: "We [ASLC] have taken a position that we really have no opinion as to that [how the $900,000 should be distributed]."[3] During the hearing before this Court on March 26, 2008, counsel for ASLC reiterated its intention to proceed with purchasing the Assets according to the existing terms, including the terms of ASLC's payment of the

---

[2] See Transcript of Hearing of January 11, 2008 (excerpts attached hereto as Exhibit A) at 12:10-13.

[3] See Transcript of Hearing of February 11, 2008 (excerpts attached hereto as Exhibit B) at 31:11-13; see also Real Estate Purchase and Sale Agreement at ¶ 5(iii) (attached as Exhibit B to the Receiver's Petition to Sell Real Estate and Business Assets Free and Clear of Lien, dated January 28, 2008; originally filed in Superior Court) (ASLC "agrees not to object to any application by Plaintiff or any other party relating to the Receiver's use of the Closing Payment [the $900,000] to pay any claims asserted in the Receivership")

$900,000 (modified only by the Woonsocket tax issue).[4] ASLC also represented to the Superior Court and this Court that its payment of $900,000 would be subject to receiving from Mr. Giordano a release of its obligations under the Nursing Home Agreement.

Mr. Giordano expended considerable resources negotiating the terms of the Release Agreement with ASLC. Thereafter, and in reliance on ASLC's representations concerning the $900,000, Mr. Giordano expended additional (and considerable) resources in connection with his request for allowance of an administrative claim. Counsel for Mr. Giordano first filed that request (the "Administrative Claim Motion") on January 28, 2008 in Superior Court. On February 11, 2008, Mr. Giordano's counsel attended a lengthy hearing in Superior Court and defended the Administrative Claim Motion against four separate objections. After the receivership case was removed to this Court, counsel for Mr. Giordano filed a supplemental memorandum (on March 19, 2008) and proposed findings of fact and conclusions of law (on March 21, 2008), in further support of the Administrative Claim Motion. Counsel for Mr. Giordano attended this Court's hearing on the Administrative Claim Motion (March 26, 2008), and thereafter spent considerable time working with the Receiver and other counsel of record (including counsel for ASLC) on proposed language for an Order and stipulated findings of fact.

Despite the Nursing Home Agreement, the Release Agreement and ASLC's prior representations, ASLC has significantly revised the terms of its proposed purchase of the Assets (the "Revised Bid"), to Mr. Giordano's detriment. In direct and unequivocal contravention of the Nursing Home Agreement, the Release Agreement and ASLC's prior representations, ASLC's now proposes that the $900,000 payment be used, inter alia, to pay ASLC for management services and to make mortgage payments for which

[4] See Transcript of Hearing of March 26, 2008 (excerpts attached hereto as Exhibit C) at 13:1-9.

ASLC is obligated, in a total amount that exceeds $500,000 (and that ultimately could approach $900,000). ASLC's Revised Bid makes no provision for paying the IRS or unsecured creditors, in contravention of the Nursing Home Agreement, and eliminates any opportunity for Mr. Giordano to make claim to the $900,000, contrary to the terms of the Release Agreement.

Given ASLC's prior representations to this Court, the Superior Court and Mr. Giordano, ASLC is estopped from altering the terms and conditions of the $900,000 payment. At the very least, the Court should order ASLC to pay the costs and attorneys' fees that Mr. Giordano incurred in connection with the Release Agreement and the Administrative Claim Motion.

## II. ARGUMENT

ASLC's Revised Bid constitutes, inter alia, a breach of the Nursing Home Agreement, because the terms of the Revised Bid do not include the requisite payments to the IRS and unsecured creditors, as required under the Nursing Home Agreement. The Revised Bid also constitutes a breach of the Release Agreement, because the Revised Bid does not provide Mr. Giordano the opportunity to make claim to the $900,000 in return for a release under the Nursing Home Agreement, as set forth under the Release Agreement. However, Mr. Giordano recognizes that unless and until a closing on ASLC's purchase of the Assets is consummated, his claims for breach of contract would not appear to be ripe. Furthermore, if a closing does occur, Mr. Giordano's breach of contract claims against ASLC would not implicate any assets of this receivership. Accordingly, Mr. Giordano's position is that this is not the appropriate time, and this receivership case is not the appropriate forum, to adjudicate his claims against ASLC for

damages for breach of contract. Nonetheless, to ensure that Mr. Giordano is not deemed to have waived any claims, Mr. Giordano expressly raises his breach of contract claims against ASLC at this time, and leaves it to the Court to decide whether those claims should be adjudicated at this time.

However, separate from and independent of the breach of contract claims, Mr. Giordano asserts that principles of judicial estoppel and promissory estoppel preclude ASLC from altering the terms and conditions of the $900,000 payment. As demonstrated below, ASLC's prior representations to the Superior Court, this Court and Mr. Giordano concerning the $900,000 estop ASLC from submitting a bid that does not provide Mr. Giordano an opportunity to make claim to the $900,000 payment.

**A. Judicial Estoppel**

Judicial estoppel is an equitable doctrine invoked at the court's discretion that is intended to prevent "improper use of judicial machinery." Gaumond v. Trinity Repertory Co., 909 A.2d 512, 519 (R.I. 2006) (quoting D & H Therapy Assocs. v. Murray, 821 A.2d 691, 693-94 (R.I.2003)). Judicial estoppel is "driven by the important motive of promoting truthfulness and fair dealing in court proceedings." Id. The distinction between judicial estoppel and other forms of estoppel is that judicial estoppel focuses on a party's relationship with the court, not the parties' relationship with one another. Id.

As set forth above, ASLC, through counsel, represented numerous times to this Court and the Superior Court that it would pay $900,000 into the receivership estate in return for a release from Mr. Giordano, and that it would make no claim to that money. That had been ASLC's position since January 2008; in May, ASLC suddenly asserted a diametrically-opposed position. This is precisely what the principle of judicial estoppel

prohibits. See Yarber v. Pennell, 443 S.W.2d 382, 385 (Tex.Civ.App.1969) (judicial estoppel prevents a party from asserting "a contention which would be diametrically opposed to his previously asserted position"); see also Behrens v. Baldenecker, 77 N.W.2d 917, 919 (S.D. 1956) (judicial estoppel prevents a party from "playing fast and loose with the courts").

During this Court's hearing on March 26, 2008, ASLC's counsel reiterated ASLC's "intention to go forward under the terms of that offer barring any unforeseen changes." See Exhibit C at 14:1-3. ASLC's continuing obligations to make the mortgage payments and manage the Facility cannot qualify as "unforeseen changes." Furthermore, for the three-month period of January, February and March, ASLC consistently represented that it would pay the $900,000 into the receivership estate, in exchange for a release from Mr. Giordano, without making any claim to that money. It appears unlikely that just one month thereafter, "unforeseen changes" would suddenly arise. Accordingly, the principle of judicial estoppel precludes ASLC from asserting contradictory positions for the purpose of effectively retaining the $900,000 that it had previously, and repeatedly, represented to the courts it would pay to the receivership estate. Thus, ASLC is estopped from altering the terms and conditions of the $900,000 payment through the Revised Bid.

**B. Promissory Estoppel**

The Rhode Island Supreme Court, quoting the Second Restatement of Contracts, has defined promissory estoppel as "a promise which the promisor should reasonably expect to induce action or forbearance . . . and which does induce such action or forbearance, [and therefore] is binding if injustice can be avoided only by enforcement of

the promise." Filippi v. Filippi, 818 A.2d 608, 625 (R.I. 2003); Alix v. Alix, 497 A.2d 18, 21 (R.I. 1985); Restatement (Second) Contracts § 90 at 242 (1981). In light of the Second Restatement, the Rhode Island Supreme Court adopted a simple, three-element test for evaluating promissory estoppel claims:

> (1) Was there a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee?
>
> (2) Did the promise induce such action or forbearance?
>
> (3) Can injustice be avoided only by enforcement of the promise?

Filippi, 818 A.2d at 625 (quoting East Providence Credit Union v. Geremia, 239 A.2d 725, 727-28 (R.I. 1968)).

As demonstrated above, ASLC made numerous representations that it would pay $900,000 into the receivership estate (in exchange for a release from Mr. Giordano), without making any claim to that money. ASLC should have reasonably expected that its representations would have induced Mr. Giordano to enter into the Release Agreement and to file his Administrative Claim Motion. As set forth above, in reliance on ASLC's representations concerning the $900,000, Mr. Giordano expended considerable resources negotiating the terms of the Release Agreement and proceeding with his Administrative Claim Motion. Mr. Giordano's actions were natural and predictable outcomes of ASLC's representations. As a result of ASLC's submission of its Revised Bid, the considerable resources that Mr. Giordano expended in reliance on ASLC's representations were in return for nothing. Thus, injustice can be avoided only by precluding ASLC from altering the terms and conditions of the $900,000 payment through the Revised Bid. See

Hagenberg v. Avedisian, 879 A.2d 436, 440 (R.I. 2005) ("promissory estoppel is appropriately invoked to avoid the obvious injustice that would result if the promise were not enforced"). At the very least, this Court should order ASLC to pay Mr. Giordano the costs and attorneys' fees he incurred in connection with the Release Agreement and Administrative Claim Motion.

**C. The Receiver Should Not Be Party To An Agreement That Would Cause Breach Of Contract**

As noted above, ASLC's Revised Bid would constitute (1) a breach of the Nursing Home Agreement, because the terms of the Revised Bid do not include the requisite payments to the IRS and unsecured creditors, and (2) a breach of the Release Agreement, because the Revised Bid does not provide Mr. Giordano the opportunity to make claim to the $900,000 in return for providing releases under the Nursing Home Agreement. The Receiver is a party to the Nursing Home Agreement. Under the terms of the Release Agreement, Mr. Giordano would provide releases (of any liability under the Nursing Home Agreement) to both ASLC and the Receiver.

The Receiver should not be a party to an agreement that would cause breaches of other contracts. ASLC, by refusing to honor either the Nursing Home Agreement or the Release Agreement, has put the Receiver in the untenable position of having no viable option other than contracting with ASLC under terms that would violate other agreements. The Court should not permit ASLC to manipulate the Receiver, the parties and the process in this manner.

It is inappropriate and unseemly for ASLC to use the Receiver to help effect ASLC's breaches of contracts through the Revised Bid. Indeed, the Receiver is a party to one of the contracts that would be breached (the Nursing Home Agreement), and a

beneficiary under the other (the Release Agreement) (because Mr. Giordano would provide the Receiver a release). Accordingly, the Court should preclude ASLC from altering the terms and conditions of the $900,000 payment through the Revised Bid.

## CONCLUSION

For all of the above-referenced reasons, Mr. Giordano respectfully requests this Court to order that ASLC is estopped from altering the terms and conditions of the $900,000 payment through the Revised Bid, or, in the alternative, that ASLC must pay Mr. Giordano the costs and attorneys' fees he incurred in connection with the Release Agreement and the Administrative Claim Motion.

Respectfully submitted,

ANTONIO L. GIORDANO
By his Attorneys:

/s/ Joseph Avanzato
JOSEPH AVANZATO (#4774)
javanzato@apslaw.com
EDWARD L. MAGGIACOMO (#0438)
ROBERT I. STOLZMAN (#3530)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-751-0604
Dated: June 16, 2008

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of June, 2008, I sent a true copy of the foregoing pleading by electronic means (ECF) to the following:

Jeffrey Brenner, Esq.
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
jbrenner@nixonpeabody.com

James E. Brown, Esq.
U.S. Department of Justice, Tax Division
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
james.e.brown2@usdoj.gov

Joseph Ferrucci, Esq.
jferrucci@frlawri.com
Christopher Mulhearn, Esq.
cmulhearn@frlawri.com
Ferrucci Russo P.C.
55 Pine Street
Providence, RI 02903

Christopher Little, Esq.
clittle@lmkbw.com
R. Thomas Dunn, Esq.
tdunn@lmkbw.com
Little, Medeiros, Kinder, Bulman
& Whitney, P.C.
72 Pine Street, 5th Floor
Providence, RI 02903.

Allan M. Shine, Esq.
Winograd Shine & Zacks
123 Dyer Street
Providence, RI 02903
ashine@wszlaw.com

Dulce Donovan, Esq.
Assistant U.S. Attorney
Chief, Civil Division
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
dulce.donovan@usdoj.gov

Douglas A. Giron, Esq.
Schechtman Halperin Savage LLP
1080 Main Street
Pawtucket, RI 02906
dgiron@shslawfirm.com

Ly Nguyen, Esq.
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
ly.nguyen@usdoj.gov

The undersigned further certifies that on the 16th day of June, 2008, I sent a true copy of the foregoing pleading by First Class mail, postage prepaid to the following:

Genevieve M. Martin, Esq.
Assistant Attorney General
150 South Main Street
Providence, RI 02903-1345

MMJUA of RI
One Turks Head Building
Suite 200
Providence, RI 02903

Terry Biafore, Sr.
Babcock & Hellwell, Inc.
138 Main Street
Wakefield, RI 02879

Division of Taxation
State of Rhode Island
1 Capitol Hill, Suite 7
Providence, RI 02908

Charles A. Lovell, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Jonathan Savage, Esq.
Schechtman Halperin Savage
1080 Main Street
Pawtucket, RI 02860

Marc D. Wallick, Esq.
Wallick & Associates Ltd.
51 Jefferson Boulevard
Warwick, RI 02888

Maureen Hobson, Esq.
R.I. Department of Health
3 Capitol Hill, Room 404
Providence, RI 02908

Deborah B. Buffi, Esq.
Deputy Chief Legal Counsel
R.I. Department of Human Services
600 New London Ave., BDG 57
Cranston, RI 02920.

Lisa Daniels-Burgo, Esq.
HUD
121 South Main Street, Suite 300
Providence, RI 02903

/s/ Joseph Avanzato

*457657_1*