IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COPY

| | |
|---|---|
| * * * * * * * * * * * * | CIVIL ACTION |
| ANTONIO L. GIORDANO * | 08-48S |
| * | |
| VS. * | MARCH 26, 2008 |
| * | |
| MT. ST. FRANCIS, * | |
| ASSOCIATES, LLP * | PROVIDENCE, RI |
| * * * * * * * * * * * * | |

HEARD BEFORE THE HONORABLE WILLIAM E. SMITH

DISTRICT JUDGE

(ADMINISTRATIVE CLAIM HEARING)

**APPEARANCES**:

FOR MR. GIORDANO: JOSEPH AVANZATO, ESQ.
Adler, Pollock & Sheehan
One Citizens Plaza
8th Floor
Providence, RI 02903

FOR THE RECEIVER: JOSEPH P. FERRUCCI, ESQ.
Ferrucci Russo, P.C.
55 Pine Street
4th Floor
Providence, RI 02903

FOR USA: JAMES E. BROWN, ESQ.
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

FOR HUD: LY NGUYEN, ATTY.
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

**APPEARANCES**: (Continued)

FOR SUBURBAN MORTGAGE: JEFFREY S. BRENNER, ESQ.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

FOR AMERICAN SENIOR LIVING: JONATHAN SAVAGE, ESQ.
and DOUGLAS GIRON, ESQ.
Schechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860

FOR MIDLAND LOAN SERVICES: STEPHEN M. PRIGNANO, ESQ.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Court Reporter: Anne M. Clayton, RPR
One Exchange Terrace
Providence, RI 02903

Proceeding reported and produced by computer-aided stenography

American Senior Living Companies, and that offer contained within it, in addition to other terms, a provision that $900,000 would be paid to the estate. That offer also contained a term which required approval of that offer by a date certain. That date has come and gone. And just so we're clear on the record with ASLC and that we're not doing this for the intellectual exercise, I wanted to confirm for the record, and if there's any objection to that I'd like it to be heard today, that that offer is still a viable offer and my understanding is that in the event that this administrative claim is approved that the ASLC will move forward with that offer notwithstanding that provision that allows for termination and that we will move toward a closing event.

THE COURT: That would come in the form of a motion to approve the sale, right?

MR. FERRUCCI: It will eventually, your Honor, and there is a pending motion that has, in effect, been transferred into this court from the state court, but I think it's important that that confirmation be obtained today so that your Honor isn't wasting any of his time in considering these issues.

THE COURT: Sure. Mr. Savage, can you come up and speak to that question on the record.

MR. SAVAGE: Jonathan Savage for American Senior Living. Yes, your Honor, as of this time, my client has not instructed me to exercise its rights under the offer to withdraw. That's different, however, from agreeing to amend that offer to be bound going forward, but I will tell you that it is a present intention as of now to go forward with that offer as presented, as modified with respect to the $900,000 subject to the adjustment for the Woonsocket tax issue. That's why we're here, and we're hoping that we will be permitted to go forward and consummate the sale. But I have not asked, nor have I received authority to amend their offer to delete their right to terminate at any time.

MR. FERRUCCI: Your Honor, that's fine. I'm not asking them to otherwise change an offer that they currently had made and the terms of it. I just wanted the representation made that, as we stand here today, the offer that has been presented is still a viable offer. There's been no withdrawal of it and that the offer is viable with the one modification that's been now maybe ad nauseam presented by Mr. Savage that the $900,000 would be subject to the claims of the City of Woonsocket, whatever preference they might have, if any, to those.

MR. SAVAGE: Your Honor, I would consider our

offer a viable offer, and it's our intention to go forward under the terms of that offer barring any unforeseen changes.

THE COURT: If it's satisfactory to the receiver, then that seems fine to me.

MR. FERRUCCI: Thank you, your Honor. In addition, your Honor, I want to clarify one point with respect to Mr. Giordano, and that is my understanding is that in the event that this Court would approve the administrative claim, in consideration, in effect for the approval, Mr. Giordano would provide, in connection with hopefully an upcoming sale, releases to both the receiver and to ASLC, not necessarily payment on account of that administrative claim but approval of it as an administrative claim and that it's Mr. Giordano's risk relative to payment; i.e., in the event this Court would approve the administrative claim and allow it priority relative to the Internal Revenue Service or anyone else in payment of it is not a condition to provide new releases. And I would ask for confirmation as well for the same reason that I'm asking --

THE COURT: You need that confirmation from Mr. Giordano's counsel, right?

MR. FERRUCCI: That is correct, your Honor. I believe I've had conversations but, again, I would like

C E R T I F I C A T I O N

I, Anne M. Clayton, RPR, do hereby certify that the foregoing pages are a true and accurate transcription of my stenographic notes in the above-entitled case.

Anne M. Clayton

Anne M. Clayton, RPR

June 5, 2008

Date