UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTONIO L. GIORDANO, Plaintiff, v. MT. ST. FRANCIS ASSOCIATES, L.P. Defendant | : | CA. No. 08-0048-S (Formerly Rhode Island Superior Court P.M. No. P.B. 06-3301) |
| UNITED STATES OF AMERICA, Intervenor-Plaintiff v. ANTONIO L. GIORDANO, MT. ST. FRANCIS ASSOCIATES, L.P., and JOSEPH FERUCCI, ESQUIRE, as Receiver, Intervenor-Defendants. | : | |

**SECRETARY OF HOUSING AND URBAN DEVELOPMENT'S LIMITED OBJECTION TO PETITION TO SELL REAL ESTATE FREE AND CLEAR OF LIENS**

COMES NOW, the Secretary of Housing and Urban Development ("HUD"), by his attorneys, and responds in limited objection to Receiver's Petition to Sell Real Estate and Business Assets Free and Clear of Liens ("Receiver's Petition") for the reasons stated in the accompanying memorandum of law.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTONIO L. GIORDANO, | : | |
| Plaintiff, | : | CA. No. 08-0048-S |
| v. | : | |
| | : | (Formerly Rhode Island Superior Court P.M. No. P.B. 06-3301) |
| MT. ST. FRANCIS ASSOCIATES, L.P. | : | |
| Defendant | : | |

---------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Intervenor-Plaintiff | : | |
| v. | : | |
| ANTONIO L. GIORDANO, MT. ST. FRANCIS ASSOCIATES, L.P., and JOSEPH FERUCCI, ESQUIRE, as Receiver, | : | |
| Intervenor-Defendants. | : | |

**MEMORANDUM IN SUPPORT OF LIMITED OBJECTION OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT TO RECEIVER'S PETITION TO SELL REAL ESTATE AND BUSINESS ASSETS FREE AND CLEAR OF LIENS**

The Secretary of Housing and Urban Development ("HUD"), by his attorneys, submits this memorandum in support of his limited objection to Receiver's Petition to Sell Real Estate and Business Assets Free and Clear of Liens ("Petition").

## I. Background

On June 9, 2008, the Receiver filed a Petition to Sell Real Estate and Business Assets Free and Clear of the Liens. The Petition seeks Court approval of the sale of the nursing home in Woonsocket, Rhode Island to American Senior Living Communities RI

I, LLC ("ASLC") or its nominee. Defendant Mt. St. Francis Associates, L.P owns the nursing home.

The nursing home is encumbered by first and second mortgages that secure loans serviced by Midland Loan Services, Inc. ("Midland"), assignee of Suburban Mortgage Associates, Inc. ("Suburban"). As described more fully below, the loans are insured by the Federal Housing Administration ("FHA"), which is part of HUD, pursuant to provisions of the National Housing Act ("NHA"). The mortgage debt is approximately $9.3 million.

In addition to its financial obligations to Midland as insurer of the Mt. St. Francis mortgages, HUD also has regulatory authority over the operation and ownership of the nursing home, as set forth in a Regulatory Agreement that was recorded with the first mortgage.[1] Among other things, the regulatory agreement, at paragraph 6(a), requires HUD approval of any change of ownership of the nursing home.[2]

As a preliminary matter, HUD is not per se opposed to the sale of the nursing home. Indeed, HUD recognizes that the acquisition of the nursing home by a responsible buyer subject to or including assumption of the existing mortgages, as well as the

---

[1] HUD's authority under the Regulatory Agreement continues despite this receivership action. See, e.g., Indian Motocycle Associates III Ltd. P'ship v. Massachusetts Hous. Fin. Agency, 66 F.3d 1246, 1250 (1 Cir. 1995) ("Every court which has considered the question has determined that the NHA empowers HUD to enforce its prepetition rights under a Regulatory Agreement notwithstanding the initiation of a chapter 11 proceeding by or against the NHA borrower."); United States v. Harvey, 68 F.Supp.2d 1010, 1017 (S.D. Ind. 1998) ("the importance HUD attaches to the project's ironclad observance of the terms of the Regulatory Agreement cannot be contested").

[2] Paragraph 6 of the Regulatory Agreement provides in pertinent part: "Owners shall not without the prior written approval of the Secretary: (a) Convey, transfer, or encumber any of the mortgaged property, or permit the conveyance, transfer or encumbrance of such property." (Ex. 1.) Thus, the proposed sale to ASLC or its nominee cannot occur without prior written HUD approval. See In re Welker, 163 B.R. 488, 489 (Bankr. N.D. Tex. 1994) (recognizing the "compelling public policy interest behind the housing acts" and stating that trustee may only sell the property after compliance with HUD procedure).

continued operation of the nursing home as a viable business, benefits HUD's interests and the public interest.

In this case, the Purchase Agreement recognizes HUD's regulatory authority and protects HUD's interests in that prior approval by HUD of a Transfer of Physical Assets is an express condition of the sale. However, the Purchase Agreement contains certain provisions with respect to the HUD-insured mortgages that interfere with HUD's rights and that harm HUD's interests. Specifically, HUD objects to certain terms of the sale as contained in the Petition and Exhibit B thereto, the Real Estate Purchase Agreement and Offer to Purchase ("Purchase Agreement") for the following reasons: (1) the provisions calling for the sale to be free and clear of the mortgage liens presently securing the existing HUD-insured mortgage loans violate the National Housing Act ("NHA") because the NHA requires the loans to be secured by mortgages; (2) the provision calling for subordination of the mortgage liens presently securing the mortgages loans violates the NHA because the NHA requires the mortgages securing the loans to be first in lien position; (3) the provision calling for waiver and forgiveness of all outstanding interest owed on the mortgage loans at closing violates the NHA because the NHA requires HUD approval for the modification of mortgage agreements and because the mortgages must be kept current for HUD approval; and (4) the provision requiring no further advertisement is in violation of statutory requirements.

## II. Argument

### A. The Petition and Purchase Agreement provisions calling for the sale to be free and clear of the mortgage liens presently securing the existing HUD-insured mortgage loans violate the NHA because the NHA requires the loans to be secured by mortgages.

Provisions throughout both the Petition and the Purchase Agreement, beginning with the very title of the Petition, state that the sale of the Mt. St. Francis real estate and other assets will be free and clear of all liens, mortgages, security interests, claims, encumbrances and interests. (See Pet. ¶¶ 7-8; Purchase Agreement §§ 1, 3.) HUD objects to these provisions because the NHA requires these loans to be secured by mortgages.

Presently, the nursing home owned by Mt. St. Francis is encumbered by a first mortgage that secures a loan insured by HUD against a default by Mt. St. Francis under Section 232 of the NHA, 12 U.S.C. § 1715w, and a second mortgage that secures a supplemental loan insured by HUD against a default by Mt. St. Francis under Section 232 pursuant to Section 223(d) of the NHA, 12 U.S.C. §§ 1715w, 1715n(d). Under the NHA, insured loans must be secured by mortgages in the first lien position. See 12 U.S.C. §§ 1715w(b)(4) and 1715w(d). Thus, in order for the purchaser to assume the HUD-insured mortgaged loans, the mortgages securing these loans must remain in place.

Contrary to this statutory requirement, the Receiver seeks an order allowing him to sell "free and clear of any and all liens and/or encumbrances." (Pet. at 1.) In addition, the Receiver specifically seeks a declaration from that Court that “all interests, claims, liens and encumbrances asserted against the Real Estate and Assets, including but not limited to, the interests, claims, liens and encumbrances asserted by those parties listed on the Real Estate Title Report and Schedule of UCC Financing Statements annexed thereto,

accept [sic] as may be set forth in the Agreement, be declared to be released and discharged upon consummation of the sale . . . ." (Pet. ¶ 8.) Moreover, the Receiver requests that the parties listed on the Schedule of UCC Filings be directed to execute lien releases and mortgage discharges. (Pet. ¶ 7.) Notably, HUD, Suburban, and Midland are each individually listed on the Schedule of UCC Filings. (Pet. Ex. C.)

Likewise, the Purchase Agreement provides that the "Receiver agrees to sell and convey to Buyer . . . and Buyer . . . agrees to purchase . . . all of Receiver's right, title and interest . . . including the assets located at 4 St. Joseph Street . . . free and clear of liens, mortgages, encumbrances, claims, pre-petition liabilities and interest." (Purchase Agreement § 1.) The Purchase Agreement also provides that "[c]onveyance of the Receiver's interest . . . shall be made by a Receiver's Deed . . . conveying to the Buyer . . . the Premises, free and clear of all liens, mortgages, security interests, claims, encumbrances and interests specifically including, but not limited to, any and all statutory liens, judgment liens, claims for municipal real estate or tangible property taxes . . . ." (Purchase Agreement § 3.)

While these provisions call for a sale free and clear of all encumbrances, including the mortgages held by Midland, the Purchase Agreement provides that the:

> Buyer shall assume all of the existing indebtedness relating to those promissory notes originally granted by Defendant in favor of Suburban Mortgage Associates, Inc., as assigned to Midland Loan Services, Inc. (the "Notes") totaling approximately Nine Million Three Hundred Thousand and 00/100 Dollars ($9,300,000.00), which Notes are secured by mortgages on the Premises.

(Purchase Agreement § 5(i).) In addition, section 3 of the Purchase Agreement contains the following provision:

> Buyer and Receiver hereby acknowledge and agree that Buyer's obligation to purchase the Premises as set forth herein is expressly

> conditioned upon the approval by [HUD] of: (1) a Transfer of Physical Assets to Buyer in connection with the sale of Assets . . .; (2) the so-called 223(a)(7) refinance application of Buyer with respect to the Assets secured by the Mortgage Loans . . . , or some other refinancing option that may be proposed by HUD that is acceptable to Buyer in its reasonable discretion; and (3) the assumption of the Mortgage Loans by Buyer.

(Purchase Agreement § 3.) Purchase Agreement §§ 4(i) and 3 indicate that the notes/loans will be assumed by ASLC, but does not commit ASLC to assuming the mortgages.

Thus, on its face, the Receiver and ASLC propose a sale that would transform Midland from a secured to an unsecured creditor. Because the NHA requires the mortgages securing these loans to remain in place when the underlying debt remains outstanding, the provisions to sell free and clear of the mortgages would violate the NHA.

Further, if the property is sold free and clear of the mortgages, ASLC would have no incentive to refinance. Notably, the proposed sale is conditioned upon HUD approving refinancing by the buyer of the current mortgage loans held by Midland. (Purchase Agreement ¶ 3.) ASLC would not have incentive to refinance because the mortgage loan promissory notes are "nonrecourse," which means that the holder may not seek recovery from the maker in the event of a default. (Ex. 2.) If the promissory notes are secured by a mortgage, recovery can be obtained through foreclosure. Extinguishing the mortgages would preclude the right to foreclose, which means that the holder would be damaged by having no recourse at all. Under these circumstances, the buyer would have no incentive to refinance (i.e. provide a new mortgage to secure the transaction) since it could simply default on the loans without consequence. Such an outcome could result in severe economic loss to the holder of the notes.

In order to provide adequate protection to the holder, the Purchase Agreement could be amended to include a provision that conditions the sale on a completed refinancing transaction[3] at the time of closing. This would guarantee not only that refinancing is available, but also that the buyer actually goes through with the refinancing, using the proceeds to pay off its obligations to Midland.

**B. The Purchase Agreement provision calling for subordination of the mortgage liens presently securing the mortgages loans violates the NHA because the NHA requires the mortgages securing the loans to be first in lien position.**

HUD also objects to the Purchase Agreement provision which provides, "[t]o the extent that the Court may, at any time hereafter, conclude that some or all of the mortgage liens securing said Notes are invalid or should be subordinated to some other debt(s) or claim(s), then Buyer shall make payments on the Notes, when and as same become due and payable, directly to the Receivership Estate or its successor or assignee." (Purchase Agreement § 5(i).) This provision is objectionable because any subordination of the mortgage liens is in clear contravention of the NHA, which requires that the mortgages securing the HUD-insured loans must be in first position. See 12 U.S.C. § 1715w(b)(4).

**C. The provision calling for waiver and forgiveness of all outstanding interest owed on the mortgage loans at closing violates the NHA because the NHA requires HUD approval for the modification of mortgage agreements and because the mortgages must be kept current for HUD approval.**

The Purchase Agreement provision which provides for "all outstanding interest owed on said unpaid mortgage payments due at time of the Closing to be forever waived and forgiven" is contrary to the NHA because it modifies the terms of the mortgage

[3] HUD notes that ASLC has not submitted an application to refinance to HUD and that without the application, HUD cannot not make a determination of whether to approve the refinance.

agreement without the consent of the Federal Housing Commissioner[4] and because the mortgages must be kept current for HUD approval. (Purchase Agreement, § 5(iii), p. 4.) The accrual of interest, as well as the requirement for monthly installment payments of interest and principal, is set forth in the mortgage notes. Paragraph 5(iii) of the Purchase Agreement changes the terms of the mortgage agreements, in effect modifying the terms of the mortgage agreements. Such modification without the consent of the Federal Housing Commissioner is expressly prohibited by 12 U.S.C. § 1715z-4, 24 C.F.R. § 207.256(b).

Further, the conditions for obtaining HUD approval of a Transfer of Physical Assets ("TPA") require that the project mortgage will be brought current as a result of the transfer approval. See Chapter 13 of HUD Handbook 4350.1 REV-1, entitled Change in Ownership: Transfer of Physical Assets. (Ex. 3.)[5] Chapter, 13, Section 13-13(A), states:

> An application for transfer of a HUD-insured project will be accepted only if the project mortgage is current or the Field Office determines it will be brought fully current as a result of the TPA at preliminary approval.

(Ex. 3 at § 13-13(A).)

The requirement for ASLC to obtain HUD approval of the sale through the TPA process is undisputed. (See Purchase Agreement at 3, 10; Feb. 11, 2008,. Hearing Tr. at 31:16-33:11.) The Purchase Agreement expressly acknowledges that ASLC must obtain HUD's prior written consent to the sale in accordance with HUD's TPA process. (See Purchase Agreement at 3, 10.) It is clear from the requirements at section 13-13(A) of the handbook that HUD will not approve transfer of the nursing home to ASLC if the

---

[4] The Federal Housing Commissioner, who is also HUD's Assistant Secretary for Housing, administers HUD's NHA mortgage insurance program.

[5] Handbook 4350.1 REV-1, entitled Multifamily Asset Management and Project Servicing, can be found in its entirety at http://www.hud.gov/offices/adm/hudclips/handbooks/hsgh/4350.1/index.cfm.

transfer requires the waiver and forgiveness of interest on the mortgage loans. Accordingly, the waiver and forgiveness of interest on the mortgage loans violates the NHA.

**D. The provision requiring no further advertisement appears to be in violation of statutory requirements.**

Finally, the Purchase Agreement provision which states that "Buyer's Offer and obligations under this Agreement are further subject to the condition, to be approved by the Court, that there shall be no further advertisement seeking additional bids for the purchase of Defendant's assets . . . ." (Purchase Agreement, § 23, p. 10) violates 28 U.S.C. § 2001(b). Title 18, United States Code, Section 2001(b) provides:

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

28 U.S.C. § 2001(b) (emphasis added). Thus, Paragraph 23 of the Purchase Agreement does not comply with the advertising requirement in the statute. In addition, HUD notes that nothing in the Petition or Purchase Agreement suggests that the proposed sale will comply with the appraisal requirements in the statute.

## III. Conclusion

For the foregoing reasons, HUD respectfully requests that any proposed sale of Mt. St. Francis Health Center and its assets be subject to or include assumption of the mortgage liens securing the existing HUD-insured mortgage loans in their first lien position and that the sale not be conditioned on the waiver and forgiveness of the outstanding interest owed on the unpaid HUD-insured mortgage loans. Moreover, HUD respectfully requests that any sale should comply fully with the requirements of 28 U.S.C. § 2001(b), as well as the NHA.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2008, I caused to be electronically filed HUD's Limited Objection and Memorandum in Support of HUD's Limited Objection to Receiver's Petition to Sell Real Estate and Business Assets Free and Clear of Liens and with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, has received notice electronically:

| | |
|---|---|
| Joseph Avanzato | javanzato@apslaw.com, vlanctot@apslaw.com |
| James E. Brown | James.E.Brown2@usjoj.gov, northern.taxcivil@usdoj.gov |
| Dulce Donovan | dulce.donovan@usdoj.gov, gale.james@usdoj.gov, Kellyann.anderson@usdoj.gov, nancy.a.diquinzio@usdoj.gov, Paulette.gamache@usdoj.gov , usari-ecf@usdoj.gov |
| R. Thomas Dunn | tdunn@lmkbw.com |
| Joseph P. Ferrucci | jferrucci@frlawri.com, cmulhearn@frlawri.com, |
| Douglas A. Giron | dgiron@shslawfirm.com, asalvaggio@shslawfirm.com, dsmith@shslawfirm.com, phalperin@shslawfirm.com, |
| Christopher H. Little | clittle@lmkbw.com, mbranco@lmkbw.com, spomeroy@lmkbw.com |
| Geoffrey W. Millsom | gmillsom@apslaw.com, stheriault@apslaw.com |
| Christopher M. Mulhearn | cmulhearn@frlawri.com, lverria@frlawri.com |
| Stephen Prignano | sprignano@eapdlaw.com, eallard@eapdlaw.com, |
| Allan M. Shine | ashine@wszlaw.com, efile@wszlaw.com, egarant@wszlaw.com |
| Mark W. Freel | Mfreel@eapdlaw.com |

A copy has been forwarded by regular mail to:

Edward L. Maggiacomo
Adler Polloc & Sheehan, P.C.
One Citizens Plaza
8th Floor
Providence, RI 02903

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov