EDWARDS ANGELL PALMER & DODGE LLP

2800 Financial Plaza Providence, RI 02903 401.274.9200 *fax* 401.276.6611 eapdlaw.com

**Mark W. Freel**
Direct Dial: (401) 276-6681
E-Mail: mfreel@eapdlaw.com

June 6, 2008

**BY E-MAIL AND REGULAR MAIL**

Joseph P. Ferrucci, Esq.
Ferrucci Russo P.C.
55 Pine Street
Providence, RI 02903

**Re: Antonio L. Giordano v. Mt. St. Francis Associates, L.P.**
**C.A. No. 1:08-cv-00048-S-LDA**

Dear Joe:

I am writing to you in your capacity as Receiver of Mt. St. Francis Associates, L.P. I am writing as a result of your exchange of correspondence earlier this week with Ly Nguyen of the U.S. Attorney's Office, who represents the U.S. Department of Housing and Urban Development ("HUD") in this action. I also reference our discussions with the Court in chambers last week concerning efforts by my client, Midland Loan Services, Inc. ("Midland") to assign the first and second mortgages (the "Mortgages") on the subject property to HUD.

As you know, we had intended to participate with the Receiver and with HUD in connection with the submission of a Consent Order to the Court, restraining and enjoining any further steps in pursuit of the aforementioned assignment, and staying or tolling any applicable contractual or statutory deadlines in the meantime. With that in mind, we prepared the enclosed draft Consent Order. However, we have been unable to reach agreement on its terms.

As a result, it is my understanding that you may be contemplating the filing of your own motion, in your capacity as Receiver, seeking certain relief from the Court with regard to the assignment, in an effort to protect the Receivership estate's assets and to maintain the status quo pending the Court's action on the proposed sale of the property. In the event that you file such a motion, I am writing on behalf of Midland in an effort to clarify our position on the assignment. In sum, pending a hearing on the merits, Midland is prepared to be bound by an Order that restrains and enjoins any further steps in pursuit of the assignment, as long as it reserves its rights to seek Court approval of such an assignment when and if necessary, and as long as any contractual, statutory or regulatory deadlines or time frames are tolled in the meantime. However, notwithstanding certain comments made by the Court at last week's conference, we do have concerns about the entry of an Order that attempts to "undo" steps taken to date or that



GOVERNMENT EXHIBIT 26

requires Midland to withdraw its tender of the assignment. Under the relevant loan documents, Midland is required to tender the assignment to HUD once payments have not been made for seventy-five (75) days. Failure to do so would irreparably prejudice Midland's rights. Accordingly, if Midland's tender of the assignment is withdrawn without the loan being brought current, Midland's ability to make that election could be forever prejudiced. Moreover, Midland would be forced to reinitiate the necessary process with HUD at some future point.

We also firmly believe the Receivership estate will not be harmed or adversely affected in any way by an assignment to HUD, and certainly not by merely maintaining the status quo at this point. An assignment would simply substitute one secured creditor for another, and steps taken to date have had absolutely no adverse impact on the Receivership estate, particularly if not consummated.

HUD accepted Midland's election to assign on or about May 13, 2008. Under the applicable HUD regulations, Midland must record and consummate that assignment within thirty (30) days. Therefore, Midland must act by June 12, 2008. Accordingly, if we are going to seek any relief from the Court, whether by motion or by agreement, it must be accomplished on or before June 12, 2008. We would appreciate your cooperation in that regard. In the meantime, we have also sought HUD's consent to an extension of the June 12 deadline by at least thirty (30) days. As of this writing, we do not have confirmation of HUD's position in that regard. We certainly will let you know if the extension is granted before June 12, as that may eliminate the need for interim relief pending a hearing on the merits, which we hope can be accomplished at the currently scheduled hearing on June 25.

We look forward to working with you in good faith in an effort to resolve this matter in the interest of all parties, provided Midland's rights can be adequately protected and preserved. Thank you for your cooperation to date. I look forward to hearing from you.

Very truly yours,

Mark W. Freel

Enclosure

cc: Ly Nguyen, Esq. (by e-mail)
Ann D'Arpino, Esq. (by e-mail)
Robert Farrell, Esq. (by e-mail)
Paul Hoffman, Esq. (by e-mail)