**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **ANTONIO L. GIORDANO, Plaintiff** <br> **v.** <br> **MT. ST. FRANCIS ASSOCIATES, L.P., Defendant** | **C.A. No.: 08-48/S** |
| **UNITED STATES OF AMERICA, Intervenor-Plaintiff** <br> **v.** <br> **ANTONIO L. GIORDANO, MT. ST. FRANCIS ASSOCIATES, L.P. and JOSEPH FERRUCCI, ESQUIRE, as Receiver** | **(Formerly Rhode Island Superior Court P.M. No.: PB 06-3301)** |

**ORDER GRANTING RECEIVER'S PETITION TO SELL REAL ESTATE AND BUSINESS ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**

This cause having come on for Hearing on the Receiver's Petition to Sell Real Estate and Business Assets Free and Clear of Liens ("Petition") of the above-named Defendant, and after hearing thereon and upon representations of counsel, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

1. That due and timely notice of said Petition has been given to all parties who have recorded judgments or liens and/or statutory liens against the assets of said Defendant either at the Uniform Commercial Code Division of the Office of the Secretary of State for the State of Rhode Island, or as may be applicable, in the Land Evidence Records of the City of Woonsocket, Rhode Island where Defendant's real estate is located, as set forth on the Schedule of UCC Financing

Statements and Real Estate Lien Recordings, annexed hereto and hereby incorporated herein, and to all other interested parties as set forth in the Affidavit of Notice filed by the Receiver relative to said Petition.

2. That subject to the provisions of Paragraphs 3, 7, 10, and 12 hereof, the Receiver is hereby authorized to sell the Defendant's tangible and intangible personal property and real estate (the "Assets"), as described in the Real Estate Purchase and Sale Agreement, (the "Offer"), attached as Exhibit B to Receiver's Petition to Sell Real Estate and Business Assets Free and Clear of Liens filed June 9, 2008, free and clear of all interests, claims, liens and encumbrances, including but not limited to all statutory liens and claims of all federal, state and local authorities identified on the Schedule of UCC Financing Statements and Real Estate Lien Recordings, annexed hereto, and/or on the certificate of service attached hereto, and including the City of Woonsocket Rhode Island, to American Senior Living Communities RI, I, LLC, or its nominee ("Purchaser"), upon the terms and conditions set forth in the Offer annexed hereto, as modified by this Order, and all such interests, claims, liens and encumbrances against the Assets shall be transferred to the proceeds thereof in the same priority as prior to such transfer. Notwithstanding the foregoing, but subject to the provisions hereof, the Receiver may only sell the Assets free and clear of the United States' federal tax liens if the Internal Revenue Service executes a voluntary discharge of those liens.

3. Notwithstanding anything contained herein, the Promissory Notes and Mortgages currently held by Midland Loan Services, Inc. ("Midland") and being assigned to the United States Department of Housing and Urban Development pursuant to

Paragraph 11 shall be assumed fully and unconditionally by the Purchaser according to their terms, and as more particularly described in the Petition and the Offer and the sale ordered hereby shall be specifically subject to Purchaser assuming said Promissory Notes and Mortgages.

4. That based on the sale and marketing efforts conducted by the Receiver as represented by the Receiver, this Court finds that the sale of the Assets to Purchaser, upon the terms and conditions of the Offer annexed hereto, as modified by this Order, is commercially reasonable, the sale prices and the terms set forth therein are fair and reasonable, the sale is made in good faith and Purchaser is a bona fide good faith purchaser, and that such sale is in the best interest of all creditors of the Defendant wherever located. The procedure for the "break up" fee, so-called, as outlined in Paragraph 13 of the Offer, is hereby approved in the event Purchaser is not the ultimate purchaser of the Assets.

5. That the Receiver is hereby authorized to execute and deliver a Receiver's Bill of Sale, Assignment and Deed conveying all of his right, title and interest as Permanent Receiver in and to the Assets, free and clear of all interests, claims, liens and encumbrances the holders of which are identified on the Schedule of UCC Financing Statements and Real Estate Lien Recordings, annexed hereto, and/or on the certificate of notice annexed hereto, including but not limited to all statutory and other claims of all federal, state and local authorities identified on the Schedule of UCC Financing Statements and Real Estate Lien Recordings, annexed hereto, and/or on the certificate of service attached hereto, subject however to Paragraphs 3, 7, 10 and 12 hereof, to Purchaser, or Purchaser's

nominee, upon the terms and conditions set forth in the Offer annexed hereto, as modified by the Order, and to execute all other documents and take all other measures reasonably necessary to effectuate the within authorized sale. Notwithstanding the foregoing, but subject to the provisions hereof, the Receiver may only convey the Assets free and clear of the United States' federal tax liens if the Internal Revenue Service executes a voluntary discharge of those liens.

6. That all parties that assert a claim, interest, lien or encumbrance against the Assets and that are identified on the Schedule of UCC Financing Statements and Real Estate Lien Recordings, annexed hereto, and/or on the certificate of service attached hereto, except as set forth in Paragraph 3 hereof, and subject to the provisions of Paragraphs 7, 10, and 12 hereof, are hereby directed to execute and deliver to the Receiver, within seven days of his written request, mortgage discharges, lien discharges, UCC Financing Termination Statements, and any and all other documents necessary to evidence the discharge of such interests, claims, liens or encumbrances against the Assets, as the Receiver may determine in his sole discretion to be necessary. The execution and delivery of the same shall be without prejudice to or waiver of any and all rights, claims and interests of such parties against the proceeds from the sale of the Assets.

7. The sale shall in all respects be subject to the following sale confirmation process. Immediately upon entry of this order, the Receiver shall run advertisements in *The Wall Street Journal*, *The Providence Journal*, as well as on the website loopnet.com, which advertisements shall contain a summary of the purchase price ordered hereby as well as language soliciting additional higher and better offers

for the Assets. The Receiver has circulated the proposed advertisement in advance hereof and all parties filing objections or responses to the Petition have reviewed and approved the form of advertisement. The final content of the advertisement has been approved by this Court. Higher and/or better offers shall be submitted within thirty (30) days of the running of the first ad, or within any extension period not to exceed twenty (20) days, granted by the Receiver in his sole discretion to any interested and *bona fide* potential offeror.

In the event that no offer is submitted to the Receiver within said thirty (30) day period, upon the Receiver's notice to the Court with copy to the parties filing responses or objections to the Petition of the same, the Offer that is the subject of the Petition shall be deemed the final approved offer for the Assets without further action or notice.

In the event that the Receiver receives an offer other than the Offer which is the subject hereof, then the Receiver shall report the same to the Court and parties in interest in this proceeding. The Internal Revenue Service has agreed to discharge its liens from the Assets to allow a sale pursuant to the Offer to proceed, but only if no other offer is submitted in this proceeding or the IRS determines in its sole discretion that no higher and better offer was made during the sale confirmation process. Thus, if the IRS determines within 1 week of the Receiver's report that an additional offer submitted to the Receiver is higher and better than the Offer, the IRS will not discharge its liens from the Assets to allow a sale pursuant to the Offer to proceed.

If the IRS determines that an additional offer is not higher and better than the Offer, or if the IRS chooses to defer to the Receiver and the Court on this issue, then in the discretion of the Court, with input from all parties in interest, and within one (1) week of the Receiver's report of the same, a hearing may be held to determine whether said offer shall be considered for approval by this Court over the terms of the Offer which is the subject of the Petition. The Court shall consider among other factors whether said new offer would have any material difference in the distribution to secured or unsecured creditors in this proceeding, taking into consideration time, cost and risk inherent in delay associated with consideration of and/or closing of such offer.

In the event that no other offer is submitted to the Receiver, or in the event that the IRS determines that any other offers are not higher and better than the Offer, and if a sale under the Offer closes, the IRS agrees to execute discharges of all of its liens against the Defendant Mt. St. Francis Associates, L.P., arising prior to the closing under the Offer, of any kind, nature, or type whatsoever, recorded or unrecorded, from the Assets. .. The IRS will not levy on any person in an attempt to collect the $300,000 payable by agreement between Purchaser and Giordano, as placed on the record in an order of this date, until the funds have been received by the law firm of Adler Pollock & Sheehan, P.C. ("AP&S"), primarily because no right to payment under that agreement will accrue until the closing. This agreement of the IRS is without prejudice to the IRS position that the anticipated $300,000 payable to AP&S under that agreement is subject to federal tax liens, or any other collection rights of the IRS against Purchaser or any

person. Furthermore, the IRS intends to levy on AP&S immediately after the disbursement of funds at closing, and subsequently as necessary, to collect the entire $300,000 payable to AP&S. Furthermore, the Receiver agrees to provide at least seven (7) days written notice to the Department of Justice Tax Division of the time and place of the closing, to facilitate this levy.

8. That all books and records of the Defendant regarding its business operations, including but not limited to all ledgers, journals, invoices, financial records and statements, employment records, employee benefit records, information and data contained in any computer records, whether or not reduced to hard copy or written record, all sales records and all records pertaining to accounts receivable, (collectively the "Books and Records") shall be delivered to Purchaser upon consummation of the sale of Defendant's operating assets authorized herein. The Books and Records shall be maintained by the Purchaser, in accordance with the requirements of the HUD regulatory agreement, for the benefit of the Receiver, at no charge or cost to the Receiver and the within Receivership Estate. The Receiver and his agents, representatives, employees and designees shall be given reasonable access to the Books and Records upon the Receiver's request, which access shall not interfere with the business operations of the Purchaser. The Purchaser shall not destroy the Books and Records without prior written consent of the Receiver, and the Purchaser shall provide the Receiver with no less than sixty (60) days prior written notice in the event the Purchaser is unable to

continue to maintain the Books and Records during the period that this receivership proceeding remains open.

9. That the Receiver and the Purchaser have agreed that this Court shall retain jurisdiction over the sale of the Assets to Purchaser pursuant to the Offer annexed hereto, and this Court shall have sole and exclusive jurisdiction (subject to rights of appeal) over any issues or disputes regarding the sale of the Assets and the Offer, including but not limited to, such jurisdiction to (i) adjudicate any and all issues arising from or relating to said Offer, (ii) the interpretation of any provisions of said Offer, and (iii) the enforcement of any provisions of said Offer and any provisions of this Order. The United States is bound to the provisions of this order to the extent that it has waived its sovereign immunity. Nothing in this order constitutes a determination that the United States has waived its sovereign immunity with respect to any provision.

10. This Order is being entered contemporaneously with, and subject to, that certain Order addressing Antonio L. Giordano's Opposition to Receiver's Petition to Sell Real Estate and Business Assets Free and Clear of Liens.

11. The Order is being entered contemporaneously with and expressly subject to, that certain Consent Order between and among the United States Department of Housing and Urban Development, Midland Loan Services, Inc., Mt. St. Francis Associates, L.P. and American Senior Living Communities RI, I, LLC (the "Consent Order"). This Order in no way modifies, supersedes, or amends that Consent Order.

12. The $900,000 cash portion of the Offer (referred to in the offer as the "Closing Payment") shall be paid at closing to the Receiver and shall not be reduced by any administrative fees and expenses of the Receiver in this proceeding (except as otherwise provided in this Order or by order of this Court), by any municipal lien amounts owing to the City of Woonsocket, or by any other purported claims against the Closing Payment. Furthermore, Purchaser's obligations to make the Closing Payment and to close shall not be conditioned on any payments to the City of Woonsocket, or on Court approval of the alleged unpaid management fees of Purchaser as an administrative expense.

The $900,000 cash portion of the Offer (or such other cash amount as outlined in any higher and better offer approved by this Court) shall be subject to a separate order of this Court in connection with a Receiver's Motion to Establish Claims Bar Date for Administrative and Secured Claims and for Procedure for Adjudication of Claims. The Order shall, at a minimum, direct all creditors asserting a lien on the Assets or an administrative claim, to file a proof of claim or an application for compensation within forty-five (45) days of the date of such Order. The Court will then, prior to the closing of the Assets which are the subject hereof, determine the allowance and amount of such claims (subject to supplement for amounts which continue to accrue). As soon as practicable after the closing on the Assets, the Court shall conduct a hearing as to the priority of allowed claims which determination by the Court shall be final and binding in all respects (subject to rights of appeal except as to the determination of reasonableness and priority of the Receiver's fees and expenses) upon the parties.

Notwithstanding anything contained herein, the direct costs of the sale confirmation process described in paragraph 7, above, including, but not limited to, advertising costs, copying costs, bid package production and the reasonable expenses of the Receiver directly incurred in the advertisement and bidding process shall be paid from the proceeds of sale before any other claims. The $150,000.00 payment referred to in the Offer, for the Receiver's fees and expenses shall be paid at closing to the Receiver and the Receiver shall be entitled to apply such amount at closing, on account, to his fees and expenses, ultimately subject to final court approval.

Prepared by,

/s/ Joseph P. Ferrucci
Joseph P. Ferrucci (#4231), as and only
as Permanent Receiver of Mt. St. Francis Associates, L.P.
and not individually
FERRUCCI RUSSO, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778
jferrucci@frlawri.com

ENTERED:

Dated: July 31, 2008

PER ORDER:

Dated: July 31, 2008

## CERTIFICATION

I hereby certify that on this ____ day of _____, 2008, I served a true and accurate copy of the within via electronic filing to:

**Dolce Donovan, Esq.** - dulce.donovan@usdoj.gov
**Jeffrey S. Brenner, Esq**. - jbrenner@nixonpeabody.com
**James E. Brown, Esq**. – james.e.brown2@usdoj.gov
**Joseph Avanzato, Esq.** – javanzato@apslaw.com
**Edward Maggiacomo, Esq.** – emaggiacomo@apslaw.com
**Christopher Little, Esq.** - clittle@lmkbw.com
**Ly T. Nguyen, Esq.** - ly.nguyen@usdoj.gov
**Allan M. Shine, Esq.** – ashine@wszlaw.com
**Jon N. Savage, Esq.** – jsavage@shslawfirm.com
**Douglas A. Giron, Esq.** – dag@shslawfirm.com
**Marc Wallick, Esq.** – wallicklaw@aol.com
**Charles A. Lovell, Esq.** – cal@psh.com
**Deborah B. Buffi, Esq.** - Dbuffi@dhs.ri.gov
**Geoffrey W. Millsom, Esq.** – gmillsom@apslaw.com
**James E. Brown, Esq.** – james.e.brown2@usdoj.gov
**Mark Freel, Esq**. - mfreel@eapdlaw.com
**Robert Stolzman, Esq.** – rstolzman@apslaw.com
**John Leonard, Esq**. – jleonard@mdmc-law.com

The following was served upon **Genevieve M. Martin, Esq**., Assistant Attorney General, 150 South Main Street, Providence, Rhode Island 02903, **Terry Biafore, Sr.,** Babcock & Hellwell, Inc., 138 Main Street, Wakefield, Rhode Island 02879, **Lisa Daniels-Burgo, Esq**., Housing and Urban Development, 121 South Main Street, Suite 300, Providence, Rhode Island 02903, **Maureen Hobson**, R.I. Department of Health, 3 Capital Hill, Room 404, Providence, Rhode Island 02908, **Jane E. Joly**, Accounting Manager Client Rep, MMJUA of RI, 10 Weybosset Street, Suite 502, Providence, Rhode Island 02903**, Division of Taxation**, State of Rhode Island, One Capitol Hill, Suite 7, Providence, Rhode Island 02909, via first-class mail, postage prepaid.

/s/ Joseph P. Ferrucci

List of Creditors Attached