UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANTONIO L. GIORDANO,

Plaintiff,

v.

MT. ST. FRANCIS ASSOCIATES, L.P.

Defendant

CA. No. 08-0048-S

(Formerly Rhode Island Superior Court P.M. No. P.B. 06-3301)

---

UNITED STATES OF AMERICA,

Intervenor-Plaintiff

v.

ANTONIO L. GIORDANO,
MT. ST. FRANCIS ASSOCIATES, L.P.,
and JOSEPH FERUCCI, ESQUIRE, as Receiver,

Intervenor-Defendants.

**Secretary of Housing and Urban Development's Limited Objection to Receiver's Motion for Order Establishing Claims Bar Date for Secured and Administrative Claims and for Procedure for Adjudication of Claims**

COMES NOW, the Secretary of Housing and Urban Development, by his attorneys, and submits this Limited Objection to Receiver's Motion for Order Establishing Claims Bar Date for Secured and Administrative Claims and for Procedure for Adjudication of Claims.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTONIO L. GIORDANO, | : | |
| | : | |
| Plaintiff, | : | CA. No. 08-0048-S |
| | : | |
| v. | : | |
| | : | (Formerly Rhode Island Superior |
| | : | Court P.M. No. P.B. 06-3301) |
| MT. ST. FRANCIS ASSOCIATES, L.P. | : | |
| | : | |
| Defendant | : | |

---------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Intervenor-Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ANTONIO L. GIORDANO, | : | |
| MT. ST. FRANCIS ASSOCIATES, L.P., | : | |
| and JOSEPH FERUCCI, ESQUIRE, as | : | |
| Receiver, | : | |
| | : | |
| Intervenor-Defendants. | : | |

**Secretary of Housing and Urban Development's Memorandum in Support of His Limited Objection to Receiver's Motion for Order Establishing Claims Bar Date for Secured and Administrative Claims and for Procedure for Adjudication of Claims**

The Secretary of Housing and Urban Development ("HUD"), by his attorneys, submits this Memorandum in Support of His Limited Objection to Receiver's Motion for Order Establishing Claims Bar Date for Secured and Administrative Claims and for Procedure for Adjudication of Claims.

On August 21, 2008, the Receiver filed a Motion for Order Establishing Claims Bar Date for Secured and Administrative Claims and for Procedure for Adjudication of Claims ("Receiver's Motion"). Specifically, the Receiver requested approval of his proposed Notice of

Claims Bar Date for Deadline for Filing Secured and Administrative Claims: October 17, 2008 ("Proposed Notice") and proposed Receivership Proof of Claim Form ("Proposed Proof of Claim Form"), and approval of the Receiver's proposed Order Establishing Proofs of Claim Bar Date and Notice of Proofs of Claim With Regard to Administrative and Secured Claims ("Proposed Order"), attached as Exhibits A, B, and C, respectively, to the Receiver's Motion. HUD objects to the Proposed Notice, Proposed Proof of Claim Form, and Proposed Order for the following reasons: (i) the Proposed Notice and Proposed Order require claimants to file their claims with the Receiver rather than directly with the Court; (ii) the Proposed Notice and Proposed Order are not consistent with paragraph 12 of this Court's Order dated July 31, 2008, which specifically allows parties to appeal the determination as to the priority of allowed claims; (iii) the Proposed Proof of Claim Form does not identify whether claimant is filing a secured or administrative claim and does not provide specific instructions to attach supporting documents; (iv) paragraph 7 of the Proposed Order is overly broad; and (v) paragraph 12 of the Proposed Order fails to recognize the parties' right to object to filed claims.

## I. As in Bankruptcy Proceedings, the Proposed Notice and Proposed Order Should be Amended to Require Claimants to File Their Claims With the Court, Rather than the Receiver

HUD objects to paragraphs 1 and 4 of the Proposed Notice and paragraphs 6 and 9 of the Proposed Order that require claimants to submit their claims to the Receiver.[1] As the Receiver himself has argued in his motion, the Court should follow similar procedures as used in the Bankruptcy Court. (See Receiver's Mot. at 3.) Bankruptcy Rule 5005(a)(1) requires that proofs of claim be filed with the Court. Requiring claimants to file their proofs of claim with the Court

[1] Although Rhode Island Superior Court Rule of Civil Procedure 66(f) requires proofs of claim to be filed with the receiver, state rules of civil procedure do not apply in a federal court. See, e.g., U.S. Const. art. IV (Supremacy Clause); Hanna v. Plumer, 380 U.S. 460 (1965); Gwyn v. Loon Mountain Corp., 350 F.3d 212 (1st Cir. 2003).

will allow the Receiver, as well as any other party, the opportunity to view the claim and the supporting documents and the opportunity to object to such claim. Accordingly, the Proposed Notice and Proposed Order should be amended to require claimants to submit their proofs of claim with the Court.

## II. The Proposed Notice and Proposed Order Should be Amended to Be Consistent with the Court's Order Dated July 31, 2008, Which Preserves the Parties Right to Appeal the Court's Determination of Their claims

In the Court's Order dated July 31, 2008, the Court specifically recognized the parties' right to appeal the Court's determination of the parties' claims. In paragraph 12 of the Court's Order dated July 31, 2008, the Court stated, "[a]s soon as practicable after the closing on the Assets, the Court shall conduct a hearing as to the priority of allowed claims which determination by the Court shall be final and binding in all respects (subject to rights of appeal except as to the determination of reasonableness and priority of the Receiver's fees and expenses) upon the parties."

However, the Receiver's Proposed Notice and Proposed Order do not acknowledge the parties' right to appeal. Paragraph 6 of the Receiver's Proposed Notice states:

> When you submit a Proof of Claim form in this case, you consent to the jurisdiction of the United States District Court for Rhode Island for all purposes, including a determination, among other things, as to the validity and amount of your Claim.
> In submitting a Proof of Claim, you agree to be bound by the actions of the District Court even if that means that your Claim is limited or denied.

Further, paragraph 11 of the Proposed Order provides:

> That by filing or submitting a Proof of Claim to the Receiver as provided, herein, each claimant is deemed to have submitted to the jurisdiction of this Court for all purposes, including a determination, amount [sic] other things, as to the validity and amount of any claim(s); agrees to be bound by this Court's actions and decisions, even if that means that

> the claimant's claim may be limited and/or denied; and agrees to participate in any distribution form [sic] the receivership estate to the exclusion of any other remedies.

As paragraph 6 of the Receiver's Proposed Notice and paragraph 11 of the Proposed Order are inconsistent with the Court's Order dated July 31, 2008, these paragraphs should be amended to reflect the parties' right to appeal the determination of the parties' claims.

## III. As in Bankruptcy, the Proof of Claim Form Should Require More Specific Information Similar to the Proof of Claim Form Filed in Bankruptcy

The Receiver's Proposed Proof of Claim Form does not require specific information as to the (i) the type of claim (i.e., whether the claim is secured or an administrative claim); (ii) if the claim is secured, the nature of the security; and (iii) specific instructions to attach documents that support the claim. Accordingly, the Court should amend the form to require this information which is similarly required in the proof of claim form in bankruptcy. (See Ex. 1.)

## IV. Paragraph 7 of the Proposed Order is Overly Broad And Should Be Amended to Reflect Claims that Exist At the time of the Claims Bar Date For the Deadline for Filing Secured and Administrative Claims

Paragraph 7 is overly broad in that it seeks to apply the order to claims that do not exist, but could exist in the future. Paragraph 7 of the Proposed Order provides, "[t]his order applies to each and every secured or administrative claim that has been, is, or could be asserted, now or in the future, against Mt. St. Francis." Thus, this paragraph would unduly prejudice unknown claimants who may have a cause of action against Mt. St. Francis in the future due to Mt. St. Francis' failure to pay its obligations. For example, if Mt. St. Francis fails to keep current on its taxes in the future, Paragraph 7 would unreasonably require the IRS to file a proof of claim for claims that are not presently ripe. As Paragraph 7 is overly broad, it should be amended to reflect claims that exist at the time of the claims bar date for the deadline for filing secured and administrative claims.

**V. Paragraph 12 of the Proposed Order Should Be Amended to Allow All Parties, Not Just the Receiver, to Object to Claims Filed**

Paragraph 12 of the Proposed Order should be amended to allow all parties, not just the Receiver, to object to the claims filed. Paragraph 12 of the Proposed Order states:

> [n]othing in this Order shall be deemed to prejudice the Receiver's right to dispute, or to assert offsets or defenses to, any claim as to amount, liability, classification or otherwise. Nothing in this Order shall be deemed to prejudice the Receiver's right to object to any claim on any grounds. Nothing in this Order shall be deemed to bar, prejudice or in any way preclude the Receiver from pursuing claims on behalf of Mt. St. Francis against all persons or entities.

Thus, Paragraph 12 should be amended to also allow any party to object to the claims filed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of September, 2008, I caused to be electronically filed the within Limited Objection to Receiver's Motion for Order Establishing Bar Date for Secured and Administrative Claims and for Procedure for Adjudication of Claims, supporting memorandum, and exhibit with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, has received notice electronically:

| | |
|---|---|
| Joseph Avanzato | javanzato@apslaw.com, vlanctot@apslaw.com |
| James E. Brown | James.E.Brown2@usjoj.gov, northern.taxcivil@usdoj.gov |
| Dulce Donovan | dulce.donovan@usdoj.gov, gale.james@usdoj.gov, Kellyann.anderson@usdoj.gov, nancy.a.diquinzio@usdoj.gov, Paulette.gamache@usdoj.gov , usari-ecf@usdoj.gov |
| R. Thomas Dunn | tdunn@lmkbw.com |
| Joseph P. Ferrucci | jferrucci@frlawri.com, cmulhearn@frlawri.com, gabodelly@frlawri.com, jsmith@frlawri.com |
| Douglas A. Giron | dgiron@shslawfirm.com, asalvaggio@shslawfirm.com, dsmith@shslawfirm.com, phalperin@shslawfirm.com, |
| Christopher H. Little | clittle@lmkbw.com, mbranco@lmkbw.com, spomeroy@lmkbw.com |
| Geoffrey W. Millsom | gmillsom@apslaw.com, stheriault@apslaw.com |
| Christopher M. Mulhearn | cmulhearn@frlawri.com, lverria@frlawri.com |
| Stephen Prignano | sprignano@eapdlaw.com, eallard@eapdlaw.com, rjil@eapdlaw.com |
| Allan M. Shine | ashine@wszlaw.com, efile@wszlaw.com, egarant@wszlaw.com |
| Mark W. Freel | Mfreel@eapdlaw.com |

I further certify on this 5th day of September, 2008, that a copy of the foregoing document was mailed, first class postage prepaid, to the following:

Genevieve M. Martin, Esq.
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Jonathan Savage, Esq.
Schechtman Halperin Savage
1080 Main Street
Pawtucket, RI 02860

Terry Biafore, Sr.
Babcock & Hellwell, Inc.
138 Main Street
Wakefield, RI 02879

Deborah B. Buffi, Esq.
Deputy Chief Legal Counsel
R.I. Department of Human Services
600 New London Ave., BDG 57
Cranston, RI 02920

Lisa Daniels-Burgo, Esq.
HUD
121 South Main Street, Ste. 300
Providence, RI 02903

MMJUA of Rhode Island
1 Turks Head Building, Suite 200
Providence, RI 02903

Marc D. Wallick, Esq.
Wallick & Associates Ltd.
51 Jefferson Boulevard
Warwick, RI 02888

Division of Taxation
State of Rhode Island
1 Capitol Hill, Suite 7
Providence, RI 02909

Maureen Hobson, Esq.
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Charles A. Lovell
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

John P. Leonard, Esq.
McElroy, Deutsch, Mulvaney
& Carpenter, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney