UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTONIO L. GIORDANO, | : | |
| | : | Case No. 1:08-cv-00048-S-LDA |
| Plaintiff, | : | Honorable William E. Smith |
| | : | Referral Judge: Honorable Lincoln D. |
| v. | : | Almond |
| | : | |
| MT. ST. FRANCIS ASSOCIATES, L.P., | : | |
| | : | (Formerly Rhode Island Superior Court |
| Defendant. | : | P.M. No. P.B. 06-3301) |

----------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Intervenor-Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MT. ST. FRANCIS ASSOCIATES, L.P., | : |
| and JOSEPH FERRUCCI, ESQUIRE, as | : |
| Receiver, | : |
| | : |
| Intervenor-Defendants. | : |

**UNITED STATES' LIMITED OBJECTION TO RECEIVER'S MOTION FOR ORDER ESTABLISHING CLAIMS BAR DATE FOR SECURED AND ADMINISTRATIVE CLAIMS AND FOR PROCEDURE FOR ADJUDICATION OF CLAIMS**

For the reasons set forth in the attached Memorandum of Law, the creditor the United States of America files this Limited Objection to the Receiver's Motion for Order Establishing

Claims Bar Date for Secured and Administrative Claims and For Procedure for Adjudication of Claims, filed in the above-captioned proceeding on August 21, 2008 (Docket # 55)**.**

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

*/s/ James E. Brown*
JAMES E. BROWN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307 6053
Facsimile: (202) 514 5238
James.E.Brown2@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTONIO L. GIORDANO,<br><br>Plaintiff,<br><br>v.<br><br>MT. ST. FRANCIS ASSOCIATES, L.P.,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 1:08-cv-00048-S-LDA<br>Honorable William E. Smith<br>Referral Judge: Honorable Lincoln D.<br>Almond<br><br>(Formerly Rhode Island Superior Court<br>P.M. No. P.B. 06-3301) |

---------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>MT. ST. FRANCIS ASSOCIATES, L.P., and JOSEPH FERRUCCI, ESQUIRE, as Receiver,<br><br>Intervenor-Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES' LIMITED OBJECTION TO RECEIVER'S MOTION FOR ORDER ESTABLISHING CLAIMS BAR DATE FOR SECURED AND ADMINISTRATIVE CLAIMS AND FOR PROCEDURE FOR ADJUDICATION OF CLAIMS**

The creditor the United States of America submits this memorandum of law in support of its Limited Objection to the Receiver's Motion for Order Establishing Claims Bar Date for Secured and Administrative Claims and For Procedure for Adjudication of Claims, filed in the above-captioned proceeding on August 21, 2008 (Docket # 55). The Receiver's motion was accompanied by a proposed "Notice of Claims Bar Date for Deadline for Filing Secured and

Administrative Claims: October 17, 2008" (Docket # 55-2) (the "Proposed Notice"), a proposed "Receivership Proof of Claim Form" (Docket # 55-3) (the "Proposed Claim Form"), and a proposed Order (Docket # 55-4) (the "Proposed Order").

## I. The United States Does Not Waive Its Rights of Appeal, Does Not Consent to Any Expansion of the Court's Jurisdiction or of Any Waiver of the United States' Sovereign Immunity, and Does Not Agree to Limit Its Remedies (If Any) Outside These Proceedings

As previously made clear in this proceeding, the United States does not waive its right to appeal the determinations expected to be made by the Court as to the validity, amount, and priority of claims against the estate. In addition, the jurisdiction of this Court to modify the claims and rights of the United States is defined by federal statute, and cannot properly be limited or expanded by the Court, the Receiver, the Internal Revenue Service, or the Tax Division of the United States Department of Justice. Accordingly, the United States objects to the fourth (4th) paragraph on page 2 of the Proposed Notice, which states:

> When you submit a Proof of Claim form in this case, you consent to the jurisdiction of the United States District Court for the District of Rhode Island for all purposes, including a determination, among other things, as to the validity and amount of your Claim. In submitting a Proof of Claim, you agree to be bound by the actions of the District Court even if that means that your Claim is limited or denied. By submitting a Proof of Claim, you further agree that your participation in any distribution of the receivership estate may exclude you from any other remedies.

Similarly, the United States objects to paragraph 11 of the Proposed Order, which provides:

> That by filing or submitting a Proof of Claim form to the Receiver as provided herein, each claimant is deemed to have submitted to the jurisdiction of this Court for all purposes, including a determination, amount [*sic*] other things, as to the validity and amount of any claim(s); agrees to be bound by this Court's actions and decisions, even if that means that the claimant's claim may be limited and/or denied; and agrees to participate in any distribution form [*sic*] the receivership estate to the exclusion of any other remedies.

Respectfully, the United States does not, cannot, and will not consent to expand the jurisdiction of this Court over the United States "for all purposes," waive any rights of appeal, or agree that the United States' participation in this proceeding is to the exclusion of other remedies of the United States.

In this regard, the United States notes that after extensive negotiations among the parties, on July 31, 2008, this Court entered an agreed Order which specifically addressed the extent of the Court's jurisdiction over the administration of the estate in this proceeding, as follows:

> 9. That the Receiver and the Purchaser have agreed that this Court shall retain jurisdiction over the sale of the Assets to Purchaser pursuant to the Offer annexed hereto, and this Court shall have sole and exclusive jurisdiction (subject to rights of appeal) over any issues or disputes regarding the sale of the Assets and the Offer, including but not limited to, such jurisdiction to (i) adjudicate any and all issues arising from or relating to said Offer, (ii) the interpretation of any provisions of said Offer, and (iii) the enforcement of any provisions of said Offer and any provisions of this Order. The United States is bound to the provisions of this order to the extent that it has waived its sovereign immunity. Nothing in this order constitutes a determination that the United States has waived its sovereign immunity with respect to any provision.

The United States asserts that given this prior Order, and the procedural posture of this case, it should not be necessary for claimants to "submit" to the Court's jurisdiction upon filing their proofs of claim. To the extent it is necessary, however, the consent to jurisdiction should be limited to issues and disputes regarding the claimant's right to payment from the estate, subject to rights of appeal, and without prejudice to any rights of the claimant to pursue remedies outside these proceedings. In addition, the United States requests that any provision of any Order addressing the Court's jurisdiction include the final two sentences of paragraph 9 of the Court's July 31, 2008, Order, quoted above, regarding the United States' sovereign immunity.

## II. The Proposed Claim Form Should Require More Specific Information, Including a Date As Of Which The Claim Amount Should Be Determined

The United States joins in the suggestion of the Secretary of Housing and Urban Development, at paragraph III of the Secretary's Memorandum of Law in Support of His Limited Objection to the Receiver's Motion, filed on September 5, 2008 (Docket # 56) (the "Secretary's Memorandum"), that the Proposed Claim Form should solicit more specific information, such as the type of claim (secured or administrative), and the nature of the security interest. The United States also notes that for ease of administration, the Proposed Claim Form, and perhaps the Proposed Notice, should establish a date as of which the claimant must determine the amount of its claim (such as September 1, 2008). *Cf.*, Bankruptcy Official Form 10 ("Proof of Claim"), Part I ("Amount of Claim *as of Date Case Filed*:") (emphasis added); Instructions to Bankruptcy Official Form 10, Part I ("State the total amount owed to the creditor *on the date of the Bankruptcy filing*") (emphasis added).

## III. The Proposed Notice Should Provide That Proofs of Claim Must Conform Substantially to the Proposed Form

The United States requests that the Proposed Notice make clear that a creditor may submit a proof of claim in a format preferred or customarily used by the creditor, provided that the proof of claim conforms substantially to the form distributed by the Receiver. *Cf.*, Bankruptcy Rule 3001(a) ("A proof of claim shall conform substantially to the appropriate Official Form").

The Proposed Notice currently provides at page 2 that "All persons or entities holding, or asserting that they hold such a Secured/Administrative Claim or right to distribution, or who otherwise wish to pursue relief relating to such a Secured/Administrative Claim, must do so by

filing a Secured/Administrative Proof of Claim as provided herein and in accordance with the Proof of Claim form distributed by the Receiver." The United States requests that "in accordance with the Proof of Claim form distributed by the Receiver" be changed to "in substantial conformance with the Proof of Claim form distributed by the Receiver." The United States requests this modification so that it is clear that the Internal Revenue Service may use its internal standard Proof of Claim form (which substantially complies with the Proposed Claim Form) in this proceeding.

**IV. The Claims Bar Date Should Be Changed From October 17, 2008**

The United States notes that consistent with the Receiver's intention to provide not less than 45 days notice of the claims bar date, the proposed claims bar date of October 17, 2008, in the Proposed Notice and the Proposed Order, should be modified to a date not less than 45 days after the Court enters an Order establishing the claims bar date, plus a reasonable time for the Receiver to provide notice of the claims bar date.

**V. Consistent With Bankruptcy Procedure, Claims Should Be Filed With The Court, Subject To The Right of All Parties to File Objections to Claim**

The United States joins in the objection of the Secretary of Housing and Urban Development, at paragraph I of the Secretary's Memorandum, that the Proposed Notice and the Proposed Order should provide for the filing of proofs of claim with the Court, so that the parties have the opportunity to view all claims and supporting documents. In addition, the United States asserts that a procedure should be established for the filing and resolution of any objections of the parties, and of the Receiver, to the proofs of claim. *See* Secretary's Memorandum ¶ V.

## VI. Paragraph 7 of the Proposed Order Is Overly Broad

The United States joins in the objection at paragraph 7 of the Secretary's Memorandum, that paragraph 7 of the Proposed Order should be modified so that it does not purport to effect any claims against the estate that have not arisen by the claims bar date.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

*/s/ James E. Brown*

JAMES E. BROWN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307 6053
Facsimile: (202) 514 5238
James.E.Brown2@usdoj.gov

**CERTIFICATE OF SERVICE**

I CERTIFY that service of the foregoing UNITED STATES' LIMITED OBJECTION TO RECEIVER'S MOTION FOR ORDER ESTABLISHING CLAIMS BAR DATE FOR SECURED AND ADMINISTRATIVE CLAIMS AND FOR PROCEDURE FOR ADJUDICATION OF CLAIMS, with Memorandum of Law in Support, has been made on this 8th day of September, 2008, by filing a copy with the Clerk of Court using the CM/ECF system, which should send electronic copies of the filing to the following CM/ECF participants:

Christopher H. Little, Esq.
Little, Medeiros, Kinder, Bulman
& Whitney, P.C.
72 Pine Street, 5th Floor
Providence, RI 02903

Allan M. Shine, Esq.
Winograd Shine & Zacks
123 Dyer Street
Providence, RI 02903

Douglas A. Giron, Esq.
Schechtman Halperin Savage LLP
1080 Main Street
Pawtucket, RI 02906

Jeffrey Brenner, Esq.
Nixon Peabody LLP
One Citizens Plaza, Ste. 500
Providence, RI 02903

Joseph Ferrucci, Esq.
Ferrucci Russo P.C.
55 Pine Street
Providence, RI 02903

Joseph Avanzato, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345

R. Thomas Dunn, Esq.
Little, Medeiros, Kinder, Bulman
& Whitney, P.C.
72 Pine Street
Providence, RI 02903

Mark W. Freel, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Paul M. Hoffman, Esq.
Stinson Morrison Hecker, LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2150

Edward L. Maggiacomo, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Geoffrey W. Millsom, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Christopher M. Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Stephen M. Prignano, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

I FURTHER CERTIFY that service of the foregoing UNITED STATES' LIMITED OBJECTION TO RECEIVER'S MOTION FOR ORDER ESTABLISHING CLAIMS BAR DATE FOR SECURED AND ADMINISTRATIVE CLAIMS AND FOR PROCEDURE FOR ADJUDICATION OF CLAIMS, with Memorandum of Law in Support, has been made on this 8th day of September, 2008, by depositing a copy in the United States mail, first class postage prepaid, addressed to the following:

Genevieve M. Martin, Esq.
Assistant Attorney General
150 South Main Street
Providence, RI 02903

Jonathan Savage, Esq.
Schechtman Halperin Savage
1080 Main Street
Pawtucket, RI 02860

Terry Biafore, Sr.
Babcock & Hellwell, Inc.
138 Main Street
Wakefield, RI 02879

Deborah B. Buffi, Esq.
Deputy Chief Legal Counsel
R.I. Department of Human Services
600 New London Ave., BDG 57
Cranston, RI 02920

Marc D. Wallick, Esq.
Wallick & Associates Ltd.
51 Jefferson Boulevard
Warwick, RI 02888

MMJUA of Rhode Island
1 Turks Head Building, Suite 200
Providence, Rhode Island 02903

Maureen Hobson, Esq.
R.I. Department of Health
3 Capital Hill, Room 404
Providence, RI 02908

Division of Taxation
State of Rhode Island
1 Capitol Hill, Ste. 7
Providence, RI 02909

Lisa Daniels-Burgo, Esq.
HUD
121 South Main Street, Ste. 300
Providence, RI 02903

Charles A. Lovell
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

John P. Leonard, Esq.
McElroy, Deutsch, Mulvaney
& Carpenter, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962

*/s/ James E. Brown*
JAMES E. BROWN
Trial Attorney
U.S. Department of Justice, Tax Division